**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1496

UNITED STATES,

Appellee,

v.

LISANDY MONTERO-DIAZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Raymond Rivera Esteves on Anders brief.
Lisandy Montero-Diaz on brief pro se.

April 3, 2006

**Per Curiam**. Appellant Lisandy Montero-Diaz, a citizen of the Dominican Republic, pled guilty (without a plea agreement) to one count of re-entering the United States after removal subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). Because he was sentenced after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the sentencing guidelines were advisory rather than mandatory. In calculating the guidelines range, the sentencing court applied a 16-level increase to the base offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), and arrived at an imprisonment range of 57 to 71 months. Defense counsel requested a sentence below that range, based on the defendant's personal circumstances. The court, treating the guidelines as purely advisory, imposed a sentence of 57 months, for which it gave a "reasoned explanation." United States v. Jimenez-Beltre, __ F.3d __, 2006 WL 562154 (1st Cir., March 9, 2006).

Counsel for defendant has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Appellant has filed a supplemental pro se brief. For the reasons stated below, and after a full examination of the record, we conclude that this appeal presents no meritorious issues.

I. Issues Raised in Anders Brief

The Anders brief addressed appellant's argument that the district court erred in applying a 16-level enhancement in its

-2-

guidelines calculation where the sentence served was allegedly less than thirteen months. We agree with the conclusion in the Anders brief that this issue is without merit. The argument is foreclosed by this court's decision in United States v. Carrasco-Mateo, 389 F.3d 239 (1st Cir. 2004), cert. denied, __ U.S. __, 125 S. Ct. 1721 (2005). The Anders brief also correctly states that there is no Booker error where the court, treating the guidelines as advisory, bases enhancements upon factual findings not charged in the indictment and proven beyond a reasonable doubt, or admitted by the defendant. See United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).

## II. Issues Raised in Pro Se Brief

### A. Ex Post Facto Clause

Montero-Diaz argues that the effect of the Court's Booker decision, which changed the sentencing guidelines from a mandatory to an advisory system, offends the Constitution's *ex post facto* clause. The *ex post facto* clause prohibits a legislative increase in punishment after the event. See United States v. Lata, 415 F.3d 107 (1st Cir. 2005). In this case, however, Montero-Diaz' sentence did not exceed the guideline maximum (71 months). Moreover, this court has held that the *ex post facto* clause "does not apply of its own force to changes worked by judicial decisions." Id. at 110. And the sentence, at the bottom of the applicable guideline range,

-3-

does not raise any fair warning concerns under the due process clause.  See id. at 112.

### B. Nondelegation Doctrine

Appellant argues that the Sentencing Commission's promulgation of U.S.S.G. § 2L1.2 violates the nondelegation doctrine barring Congress from delegating its legislative power to another branch.  The Supreme Court has held, however, that "Congress' delegation of authority to the Sentencing Commission [to promulgate sentencing guidelines] is sufficiently specific and detailed to meet constitutional requirements." Mistretta v. United States, 488 U.S. 361, 374 (1989).

To the extent that appellant is arguing that, in light of the Apprendi, Blakely and Booker line of cases, Mistretta's holding no longer has force, the Supreme Court has rejected such an argument:

> [T]he Commission's authority to identify the facts relevant to sentencing decisions and to determine the impact of such facts on federal sentences is precisely the same whether one labels such facts "sentencing factors" or "elements" of crimes.  Our decision in Mistretta, 488 U.S., at 371, upholding the validity of the delegation of that authority, is unaffected by the characterization of such facts, or by the procedures used to find such facts in particular sentencing proceedings.

Booker, 543 U.S. at 242.  The Court has stated that its holding in Booker "does not call into question any aspect of our decision in Mistretta." Booker, 543 U.S. at 242.

-4-

C. Double Jeopardy Clause

Appellant argues that the sentencing court's application of § 2L1.2(b) violated the double jeopardy clause because it imposed an additional punishment for the prior state conviction for which he was previously sentenced.  Such challenges to enhanced sentences based on prior offenses have been rejected by the Supreme Court:

> In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes," but instead as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."

Witte v. United States, 515 U.S. 389, 400 (1995)(citations omitted).

Appellant argues that the Apprendi, Blakely, Booker line of cases calls into question this reasoning because "[t]he prior convictions are now recognized to be a full element of the aggravated illegal reentry offense." Pro Se Brief, p. 32. Appellant's argument has no merit because it is based on an erroneous premise that prior convictions are now to be treated as elements of the offense:

> Apprendi's explicit exemption of sentence enhancements based on prior criminal convictions from the scope of its constitutional holding left intact the Supreme Court's earlier decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998).  There,

-5-

**the Court endorsed treating prior convictions as sentencing factors rather than elements of federal criminal offenses**. See Almendarez-Torres, 523 U.S. at 226-27. "We have ruled with a regularity bordering on the monotonous that, given the explicit exception and force of Almendarez-Torres, the rationale of Apprendi does not apply to sentence-enhancement provisions based upon prior criminal convictions." United States v. Moore, 286 F.3d 47, 51 (1st Cir. 2002). Nothing in Blakely or Booker alters the continuing vitality of the Almendarez-Torres exception to Apprendi.

United States v. Ivery, 427 F.3d 69, 74-75 (1st Cir. 2005)(emphasis added), cert. denied, __ S. Ct. __, 2006 WL 236293 (Feb. 27, 2006); see also Jimenez-Beltre, supra, at * 5 (noting that court is bound to follow Almendarez-Torres until it is expressly overruled).

D. Ineffective Assistance of Counsel

Appellant argues that counsel was ineffective in failing to argue to the sentencing judge that a downward departure from the guidelines range was warranted to avoid sentencing disparities and equal protection concerns resulting from the absence of a "fast track" system for prosecuting and sentencing illegally re-entering aliens in Puerto Rico. This court has rejected equal protection challenges to the fast track program on the ground that similarly situated defendants in fast track jurisdictions could receive a four-level departure not available to defendants in non-fast track jurisdictions. See United States v. Melendez-Torres, 420 F.3d 45, 52-53 (1st Cir. 2005). This court has also stated, in dicta, that

-6-

> [i]t is arguable that even post-_Booker_, it would never be reasonable to depart downward based on disparities between fast-track and non-fast-track jurisdictions given Congress' clear (if implied) statement in the PROTECT Act provision that such disparities are acceptable.

_United States_ v. _Martinez-Flores_, 428 F.3d 22, 30 n. 3 (1st Cir. 2005), _cert. denied_, __ S. Ct. __, 2006 WL 236308 (Feb. 27, 2006); _See_ _also_ _Jimenez-Beltre_, _supra_, (noting that [w]hether it would even be permissible to give a lower sentence on the ground [of "fast track" disparities] is itself an open question").

Defense counsel argued at sentencing for a departure below the advisory guideline range, on the basis of various personal circumstances of the defendant, including no history of violent offenses, and the fact that his last conviction was over ten years' old. In light of our precedents quoted above, the argument that defense counsel was ineffective for failing to also request a downward departure on "fast track" grounds is without merit.

### III. Other Potential Issues

Post-_Booker_, this court reviews sentences for reasonableness. "Under the post-_Booker_ approach, 'district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing,' subject to review by the courts of appeals for 'unreasonableness.'" _Antonakopoulos_, 399 F.3d at 76 (quoting _Booker_, _supra_). Our recent

decision, <u>Jimenez-Beltre</u>, <u>supra</u>, provides guidance for the determination and review of post-<u>Booker</u> sentences. <u>Id.</u> at * 1. A review of the record in this case, and particularly the sentencing transcript, reveals that the district court's sentencing of the appellant was consistent with the approach we approved in <u>Jimenez-Beltre</u>. The court first calculated the applicable guidelines range. In doing so, the court stated several times that "its reference to the Guidelines is on a purely advisory basis."

In addition to consulting the guidelines on an advisory basis, the sentencing court also took into account the reasons cited by defendant for imposing a sentence below the guidelines range, and "all those factors that are found in 18 U.S.C. § 3553(a)." The court gave a "reasoned explanation" why the factors cited by defendant did not warrant a sentence below the guidelines range. <u>Id.</u> at * 3. Specifically, the court relied upon defendant's record of prior convictions and his repeated illegal re-entries into the country, and the need to promote respect for the law and to avoid unwarranted sentencing disparities. On this record, an argument that the district court acted unreasonably in declining to impose a sentence below the guidelines range would be without merit.

Counsel's motion to withdraw is <u>granted</u>, and appellant's conviction and sentence are <u>affirmed</u>. <u>See</u> 1st Cir. R. 27(c).

-8-