**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 11-1827

UNITED STATES OF AMERICA,
Appellee,

v.

SAMUEL GUADALUPE,
a/k/a JOSE SANTOS,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Lynch, Chief Judge,
Souter,* Associate Justice,
and Selya, Circuit Judge.

David A.F. Lewis on brief for appellant.
Mark T. Quinlivan, Assistant United States Attorney, and
Carmen M. Ortiz, United States Attorney, on brief for appellee.

December 14, 2012

_____
    * Hon. David H. Souter, Associate Justice (Ret.) of the Supreme
Court of the United States, sitting by designation.

**Per Curiam**. After careful consideration we conclude that this appeal presents no colorable issue for decision and, therefore, we summarily affirm the district court's judgment. We briefly explain this conclusion.

The defendant's principal claim of error concerns the district court's purported use of an obstruction-of-justice enhancement, based on the defendant's alleged perjurious testimony at a preliminary hearing, in calculating the guideline sentencing range (GSR). See USSG §3C1.1. This claim of error lacks force. The challenged finding was made as part of the calculation of what proved to be an alternate sentencing range. Later in the sentencing hearing, the district court supportably found that the defendant was subject to sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and the GSR actually used to impose the defendant's sentence was constructed under the ACCA (without reference to the obstruction-of-justice enhancement).

The short of it is that the district court, in fashioning the sentence imposed, never employed the alternate GSR that it originally calculated. It employed instead the GSR ordained by the ACCA. That GSR was entirely independent of the obstruction-of-justice finding. Any error in the calculation of the obstruction-of-justice enhancement was, therefore, harmless. See, e.g., United States v. Leahy, 473 F.3d 401, 413 (1st Cir. 2007); United States v. Cruz, 156 F.3d 22, 29-30 (1st Cir. 1998).

It is perhaps possible to construe the defendant's brief as raising a different argument based on the obstruction-of-justice enhancement. He may be arguing that the 24 months for perjury added to his 180-month ACCA sentence should be vacated because the statements in question were not material and because it is more plausible that he had a hazy memory (rather than an intention to lie). Even if we were to consider this line of reasoning, it would be unavailing. There was no error in the perjury finding and the added period of incarceration was warranted under 18 U.S.C. § 3553(a).

The defendant's other claims of error are even more easily dispatched. To begin, he argues that the prior convictions that were employed as predicates in order to support the imposition of a sentence under the ACCA should have been listed in the indictment and proved to the jury beyond a reasonable doubt rather than simply found by the judge at sentencing. This argument is foreclosed by Supreme Court and circuit precedent. See Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998); United States v. Moore, 286 F.3d 47, 51 (1st Cir. 2002).

The defendant's remaining argument is that the portion of the ACCA that was used to ensnare some of his prior convictions — the so-called "otherwise" clause, 18 U.S.C. § 924(e)(2)(B)(ii) — is unconstitutionally vague. This argument, too, is foreclosed by settled precedent. See James v. United States, 550 U.S. 192, 210

n.6 (2007); <u>United States</u> v. <u>Hart</u>, 674 F.3d 33, 41 n.3 (1st Cir. 2012).

We need go no further.  For the reasons elucidated above, the judgment of the district court is summarily affirmed.  1st Cir. R. 27.0(c).

**<u>Affirmed</u>**.