# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3140

_____

United States of America

*Plaintiff - Appellee*

v.

Milton James Mesteth

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: May 17, 2012
Filed: August 6, 2012
[Published]

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Milton James Mesteth appeals his 60-month sentence imposed by the district court.[1]  We affirm.

## I.

On September 19, 2010, Mesteth, who was 27 years of age, picked up three juveniles and drove them to the mobile home residence of one of the juvenile's former girlfriends with whom the juvenile had been arguing.  Mesteth and all three of the juveniles were heavily intoxicated.  Finding no one at the home, the four began ransacking the residence and stealing various items.  At some point, the disgruntled juvenile asked Mesteth for a lighter, Mesteth handed a lighter to him, and the juvenile set fire to the residence.[2]  Mesteth admitted he was aware the juvenile intended to set the fire.  Once the fire began, Mesteth and the three juveniles fled the scene.  The mobile home was completely destroyed by the fire.

The government indicted Mesteth on three counts: arson and aiding and abetting arson, in violation of 18 U.S.C. §§ 2, 81 (Count 1); first degree burglary/aiding and abetting, in violation of South Dakota Codified Law § 22-31-1 and 18 U.S.C. § 2 (Count 2); and possession of a stolen firearm/aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(j), and 924(a)(2) (Count 3).  Mesteth entered into a plea agreement with the government wherein he agreed to plead guilty to Count 1, and the government agreed to drop Counts 2 and 3.  The government also agreed that it would recommend a sentence at the bottom of the advisory Sentencing Guidelines range.

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

[2]According to the juvenile, Mesteth started the fire.

The presentence report (PSR) calculated a total offense level of 21 and a Category I criminal history based on zero criminal history points, resulting in a sentencing range of 37 to 46 months. Neither Mesteth nor the government objected to the PSR. At sentencing, the government recommended a sentence at the low end of the advisory Sentencing Guidelines range, as obligated under the plea agreement. Mesteth requested a downward departure or a downward variance to probation. The government opposed Mesteth's request. The district court rejected both the government's and Mesteth's requests. Instead the district court departed upward under United States Sentencing Commission, Guidelines Manual, §5K2.21, which allows for upward departures for dismissed and uncharged conduct, and sentenced Mesteth to 60 months of imprisonment, the statutory maximum, to be followed by 5 years of supervised release. The court stated that, alternatively, it would have varied up to the 60-month sentence under 18 U.S.C. § 3553(a).

## II.

In this appeal, Mesteth raises two arguments. First, he claims that his sentence is substantively unreasonable. Second, he argues the government failed to meet its obligation in the plea agreement to recommend a sentence at the low end of the Sentencing Guidelines range.

## A.

We review claims of substantive reasonableness under a deferential abuse-of-discretion standard. United States v. Black, 670 F.3d 877, 882 (8th Cir. 2012). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). "'[I]t will be the unusual case when we reverse a district court

sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" United States v. Shuler, 598 F.3d 444, 447 (8th Cir.) (quoting United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)), cert. denied, 130 S. Ct. 3436 (2010).

Mesteth argues that his 60-month sentence is substantively unreasonable. He claims the district court gave weight to three improper factors: (1) Mesteth's status as an adult, (2) the dismissed charges, and (3) the need to send a message to effect policy changes on the Pine Ridge Reservation.

Mesteth argues that because the Guidelines are only applicable to adults, the court's justification for imposing the 60-month sentence because Mesteth was an adult was improper. Mesteth misreads the district court's reference to his status as an adult. The district court simply emphasized that Mesteth was several years older than the juveniles involved in the offense, was a Tribal leader, and should have been a better role model. Among the factors to be considered are "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Mesteth's age in comparison to that of the others involved and his status in the community are the sort of factors the court may consider in imposing the sentence.

Next, Mesteth argues that the dismissed charges of burglary and possession of a stolen firearm do not reflect any greater seriousness to the arson offense. The district court noted that, because those charges were dropped, no consideration for those offenses was given when determining the advisory Guidelines range. The court found that the burglary and firearm offenses were relevant to the overall seriousness of the offense and should be considered in determining the sentence. See 18 U.S.C. § 3553(a)(2)(A) (district court shall consider need for sentence to reflect seriousness of offense). The district court "has wide latitude" in determining the weight to give sentencing factors, and we find here that the district court did not abuse that

-4-

discretion in considering the dismissed offenses.  See United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

Third, Mesteth claims the district court imposed the 60-month sentence to "send a message" about policy decisions on the Pine Ridge Reservation.  During the sentencing, the court recognized that Tribal authorities had built a new law enforcement center instead of a chemical dependency center.  The court stated, "Those are policy decisions I can't do anything about."  Then the court stated, "What I can do something about is try to send some kind of message."  Mesteth argues that these statements suggest that the court was seeking to invoke policy changes through his sentence.  Again, Mesteth misreads the court's comments.  Following the second statement, the district court explained that Mesteth served in a leadership and teaching role in the Tribe and Mesteth's sentence "has to be a deterrent" to similar criminal activity.  See 18 U.S.C. § 3553(a)(2)(B) (sentence should afford adequate deterrence to criminal conduct).

Mesteth has not shown the district court committed an abuse of discretion by failing to consider a relevant factor that should have received significant weight, giving significant weight to an improper or irrelevant factor, or considering only the appropriate factors but committing a clear error of judgment in weighing those factors.  Therefore, we do not find Mesteth's sentence to be substantively unreasonable.

B.

Next, Mesteth argues the government, while technically complying with its obligation to recommend a sentence at the low end of the Guidelines range, effectively reneged on this commitment when it opposed Mesteth's request for a downward variance.  Mesteth asserts that the arguments made by the government in opposition to his request mirror the justifications used by the district court in

imposing the above-Guidelines sentence. For this reason, Mesteth believes he did not receive the benefit of his bargained-for plea agreement.

Because he did not raise the issue of breach of the plea agreement to the district court, our review is for plain error. See Puckett v. United States, 556 U.S. 129, 135 (2009). "To obtain relief under a plain-error standard of review, the party seeking relief must show that there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011).

Twice during the sentencing hearing, the government complied with its obligation to recommend a sentence at the low end of the Guidelines range. The plea agreement did not restrict the government from challenging Mesteth's request for a below-Guidelines departure. Even if Mesteth interpreted the government's presentation to the court to be "less than enthusiastic, this lack of enthusiasm does not breach the agreement." United States v. Has No Horses, 261 F.3d 744, 750 (8th Cir. 2001). Accordingly, there was no breach of the plea agreement by the government.

III.

We affirm Mesteth's 60-month sentence.

_____