NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0505n.06

No. 12-5430

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*May 20, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff-Appellee,     )
                                )
v.                              )
                                )   ON APPEAL FROM THE UNITED
DANIEL COLE,                    )   STATES DISTRICT COURT FOR THE
                                )   EASTERN DISTRICT OF TENNESSEE
        Defendant-Appellant.    )


Before:  MARTIN and SUTTON, Circuit Judges; ADAMS, District Judge.[*]

SUTTON, Circuit Judge.  Daniel Cole, age 54, pleaded guilty to selling methamphetamine and oxycodone and to possessing a firearm in furtherance of a drug-distribution enterprise.  When his plea agreement led to a within-guidelines 495-month sentence, Cole had second thoughts.  He now claims, contrary to his plea agreement, that he committed only one firearm crime.  On top of that, he claims that his sentence is too long and substantively unreasonable as a result.  We affirm: The district court did not commit plain error in accepting Cole's guilty plea on both counts; and the court did not abuse its discretion in imposing this sentence in view of the seriousness of Cole's drug-trafficking enterprise.

---

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

I.

Cole partnered with his wife and a few others to sell methamphetamine and narcotic painkillers. This was not a small operation. Cole admitted that he used his home as a base of operations, that he dealt baggies of meth "all day long . . . for three years" and that he still had time to sell 20,000 oxycodone pills. R.31 at 5–6. To protect this business, Cole fitted his house with video surveillance equipment and police scanners, and he used sophisticated eavesdropping equipment to ferret out police informants. He also kept several firearms—an assault rifle, a sawed-off shotgun and a .40-caliber semi-automatic pistol—"strategically located" in his house for easy accessibility during transactions. *Id.* at 6–7. Despite these precautions, Cole repeatedly sold drugs to federal informants, all the while boasting that he would shoot informants or anyone who tried to rob him.

Drug enforcement agents raided Cole's house on January 25, 2011. Before the officers restrained him, Cole tried (unsuccessfully) to flush nine grams of methamphetamine down the toilet. Police recovered at least three guns, including the .40-caliber pistol, and Cole admitted that his "possession of the loaded firearm furthered his possession with intent to distribute methamphetamine" and his drug-trafficking conspiracy. *Id.* at 7.

Federal prosecutors indicted Cole on eleven charges, four of which matter here: conspiracy to distribute controlled substances from May 2009 to September 2011, 21 U.S.C. §§ 846, 841(a)(1); possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1); and two counts of possessing a firearm in furtherance of a drug trafficking crime, one based on the conspiracy crime

and one based on the possession crime, 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(C)(i). After accepting a guilty plea on all eleven counts, the district court sentenced Cole to 495 months in prison: 135 months (the bottom of the guidelines range) for the nine drug charges, 60 months (the mandatory minimum) for the first gun charge and 300 months (the mandatory minimum) for the second. Cole challenges the validity of his second firearm conviction and claims his sentence is substantively unreasonable.

## II.

Federal law imposes a mandatory sentence each time a defendant possesses a firearm in furtherance of a drug-trafficking crime. 18 U.S.C. § 924(c). Cole contends that § 924(c) does not permit two separate convictions for "virtually the same conduct": conspiracy to distribute drugs and distribution of drugs. Appellant's Br. at 15. As he sees it, the government cannot base a second § 924(c) conviction on conduct that temporally overlaps, and is intertwined with, conduct that supports the first § 924(c) conviction. Cole did not raise this objection below and thus must satisfy the rigors of plain-error review: an error that was "obvious," that affects "substantial rights" and that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 734–36 (1993) (alteration in original; quotation marks omitted); *see* Fed. R. Crim. P. 52(b). Cole has not met this standard, indeed has not crossed the initial threshold of identifying an error.

Section 924(c) says:

[A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an

> enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years. . . . In the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years. . . .

18 U.S.C. § 924(c)(1)(A), (C). These words do not support Cole's argument. Without qualification, they encompass "any crime of violence or drug trafficking crime . . . for which a person may be prosecuted." *Id.* They include as predicate offenses those drug crimes that already contain an "enhanced punishment if committed" with a weapon. *Id.* And they expressly contemplate "second or subsequent conviction[s]" without placing any limitations on them. *Id.* No doubt the government may not bring two § 924(c) charges that would violate double jeopardy. *See Blockburger v. United States*, 284 U.S. 299 (1932). But Cole disclaims any constitutional argument.

Instead of relying on the words of the statute or the Constitution, Cole claims that one of our cases supports his argument. As he reads it, *United States v. Johnson*, 25 F.3d 1335 (6th Cir. 1994) (en banc), requires the invalidation of his second firearms conviction. Roy Johnson was convicted of two § 924(c) violations for possessing a weapon while simultaneously possessing (with intent to distribute) two different controlled substances. Allowing two § 924(c) convictions for possessing two different kinds of drugs, the court reasoned, could lead to anomalous results: a weekend warrior caught with "one marijuana joint" and "one rock of crack" could be punished more harshly than a kingpin caught with ten pounds of crack. *Id.* at 1338. We therefore concluded that "possession of

one or more firearms in conjunction with predicate offenses involving simultaneous possession of different controlled substances should constitute only one offense under § 924(c)(1)." *Id.*

*Johnson* does not carry the day. For one, as we acknowledged in *Johnson* itself, the "narrow question" there concerned whether using a gun in connection with "the simultaneous possession of more than one controlled substance" may supply the basis for two mandatory minimums under § 924(c)(1). *Id.* at 1336–37. At least two differences between that case and this one come to mind. There, the two charges overlapped entirely except for the type of drug involved. Here, as a matter of the elements of a crime, one charge concerned possession with intent to distribute, and the other concerned a conspiracy to sell drugs. And here, as a matter of timing, the conspiracy charge covered a three-year period, while the possession charge covered one day.

For another, we have never extended *Johnson* beyond its facts. To the contrary, we have routinely distinguished *Johnson* in a series of cases, each supporting the kind of § 924(c) convictions that occurred here. Here is a sampling. Donald Burnette kidnapped a bank manager (and her family) from her home and forced her to empty the bank's vault. *United States v. Burnette*, 170 F.3d 567, 568 (6th Cir. 1999). Burnette was convicted on two § 924(c) charges: one for the kidnapping, one for the bank robbery. We rejected his reliance on *Johnson*, noting that the kidnapping was sufficiently independent of the bank robbery to support a second § 924(c) conviction. *Id.* at 572. It is "firmly established," we said, "that the imposition of separate consecutive sentences for multiple § 924(c) violations occurring during the same criminal episode are lawful." *Id.*

Randy Graham grew marijuana to fund the purchase of weapons (including machine guns and explosives) for a private militia. *United States v. Graham*, 275 F.3d 490, 497–98 (6th Cir. 2001). One of Graham's § 924(c) convictions was pegged to his conspiracy to commit crimes against the United States, including planning to kill a federal officer. The other was tied to his marijuana growing operation. We affirmed both convictions, distinguishing *Johnson* because "Graham's predicate offenses were not committed simultaneously, nor did they consist of identical conduct." *Id.* at 521.

Johnnie Martin's case is of a piece. *United States v. Martin*, No. 11-5592, 2013 WL 656258 (6th Cir. Feb. 25, 2013) (unpublished). Like Cole, Martin ran a drug dealing enterprise in which he conspired to distribute drugs and distributed them. Martin was convicted on two counts of § 924(c): one based on conspiracy, the other based on distribution. *Id.* at *10. We distinguished *Johnson* because its holding applies only to "two firearm offenses predicated on two possession crimes, not a possession crime and a conspiracy crime." *Id.*; *see also United States v. Simpson*, 116 F. App'x 736, 740 (6th Cir. 2004) (distinguishing *Johnson* and reasoning that "[t]he sweeping language of the statute . . . offers no foothold for the position that crimes that occur in rapid succession or in the course of one crime spree may not be separately charged"), *vacated on other grounds by Bowers v. United States*, 544 U.S. 995 (2005). Our cases clarify that *Johnson*'s limited holding does not preclude separate § 924(c) convictions for conspiracy to distribute drugs and distribution of drugs.

Given *Johnson*'s limited reach and given the long line of Sixth Circuit cases upholding multiple § 924(c) convictions, the district court did not err in accepting Cole's guilty plea to both counts. No error, much less a plain error, occurred.

III.

Cole claims that his 495-month sentence was substantively unreasonable "given the victimless nature of [his] crimes and his advanced age." Appellant's Br. at 32. We disagree.

District courts have wide discretion in selecting an adequate sentence, limiting our review to whether the court abused its discretion in applying the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). Making matters more difficult for Cole, this was a within-guidelines sentence, which is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Neither of Cole's arguments rebuts that presumption. The first—that his crimes were victimless—is a tough sell. Cole victimized individuals (by selling addictive drugs to them) and the community (by making addictive drugs readily available in the area). "Possession, use, and distribution of illegal drugs represent one of the greatest problems affecting the health and welfare of our population." *Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991) (Kennedy, J., concurring) (internal quotation marks omitted). To say that Cole's crimes were victimless "is false to the point of absurdity." *Id.*; *see United States v. Green*, 532 F.3d 538, 549 (6th Cir. 2008).

The second argument—Cole's age—has the virtue of not being absurd but it fails nonetheless.  As the district court permissibly explained, a within-guidelines sentence was appropriate based on Cole's criminal history (multiple burglaries and drug offenses) and the seriousness of his offenses.  This was not a petty crime.  Cole sold thousands of oxycodone pills and sold methamphetamine "all day long" for three years.  R.31 at 6.  What was worse, and what explains the principal source of his long sentence, Cole protected this enterprise with guns, an act that Congress has determined deserves lengthy punishment.  Most of his sentence—360 months of it—stems from mandatory minimum sentences required by the gun charges.  The district court had no discretion over this component of his sentence, establishing that Cole would not leave prison until age 83 or perhaps a few years earlier based on good-time credits, no matter what the court did.  That the court chose to add 135 months to this sentence, which appears at the bottom of the guidelines range and which accounts for an extremely serious drug-trafficking operation, does not establish an abuse of its considerable discretion.

IV.

For these reasons, we affirm.