NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0090n.06

FILED
Feb 10, 2016
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| KENNETH RICHARD HODGES, JR., | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| Defendant-Appellant. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| | ) | |
| | ) | |

BEFORE: **BATCHELDER, ROGERS, and KETHLEDGE, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** In 2014, Kenneth Hodges, Jr. pleaded guilty to conspiracy to distribute heroin. He now contends that his counsel was ineffective during the plea-bargaining process and that his sentence is procedurally and substantively unreasonable. Finding no reversible error, we affirm the district court's judgment.

**I.**

Kenneth Hodges, Jr. and his co-defendants began distributing heroin in Pike County, Kentucky, in April of 2013. In November 2013, a federal grand jury indicted Hodges and fourteen co-defendants. The thirty-one count indictment named Hodges in eight counts: one count of conspiracy to distribute heroin, five counts of distribution of heroin, one count of possession of heroin with intent to distribute, and one count of possession of oxycodone with intent to distribute.

Sometime prior to April 28, 2014, Hodges, represented by counsel, attempted to execute a plea agreement in which he pleaded guilty to only the conspiracy count. His counsel, however, missed the plea deadline. The government subsequently filed a superseding indictment, which charged Hodges with the same counts but attributed to him a higher drug quantity (one kilogram or more of heroin) and created the potential for harsher punishment.

Hodges then retained new counsel. The government subsequently offered a plea agreement in which Hodges pleaded guilty to the conspiracy count of the original indictment—meaning that the government would dismiss both the remaining counts in the original indictment and the entire superseding indictment. In return, the new plea agreement stipulated that the government could "argue for a variance above the applicable guideline range." Notably, Hodges stipulated in the new agreement to being "an organizer or leader of a criminal activity that involved 5 or more participants." Hodges entered the guilty plea, and the district court accepted it on April 28, 2014.

Hodges's Presentence Report ("PSR") calculated his offense level as 27 and his criminal history category as I. The PSR calculated this offense level by attributing to Hodges at least 100 grams but less than 400 grams of heroin. This offense level carried with it a recommended guidelines range of 70 to 87 months' imprisonment.

At sentencing, Hodges requested—and the district court granted—a two-level reduction because of retroactive application of a change in the Sentencing Commission's recommendations. This left Hodges with an offense level of 25 and a criminal history category of I, which called for a recommended range of 57 to 71 months' imprisonment. The government then asked the court to vary upward "based on numerous factors." First, the government contended that it could attribute to Hodges one kilogram or more of heroin, despite the fact that

Hodges pleaded to a drug quantity of 100 to 400 grams. Second, the government noted the history and characteristics of Hodges—that he was older and educated, that he was not an addict, that he hailed from outside the community, that he had likely been involved in distributing heroin for some time, and that there was a need to reflect the seriousness of the offense, promote respect for the law, and dole out just punishment. The government ultimately requested a sentencing range of 96 to 120 months' imprisonment.

The district court agreed that an upward variance was appropriate. But the court refused to vary as much as the government had requested, noting that Hodges "deserves something" for his "lack of criminal history." It settled on 84 months' imprisonment and twenty years of supervised release as "a fair sentence in this case for a number of reasons." First, the court noted that a lower sentence would create "sentencing disparities in this case alone." Second, the sentence "reflects how serious an offense this is, bringing heroin into this community, exposing young ones to it" such that the sentence "promotes respect for the law, provides just punishment, and affords adequate deterrence." Third, the twenty years of supervised release would protect the public. Fourth, the variance was appropriate "when you consider . . . that the defendant was . . . the unquestioned leader, when you consider the fact that the defendant is an educated man that should have known better and should be a role model for those in society." Hodges's counsel objected to the above-guidelines sentence. The court overruled the objection and entered judgment for 84 months' imprisonment and twenty years of supervised release. Hodges timely appealed.

## II.

As an initial matter, we decline to address Hodges's claim that his counsel was ineffective because counsel missed the plea deadline. Our general rule is that "a defendant may

not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Woodruff*, 735 F.3d 445, 451 (6th Cir. 2013) (internal quotation marks omitted). We will disregard this general rule only in "rare circumstances." *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012). Seeing both a need for more factual development and no countervailing rare circumstances, we "leave the defendant to the preferred mechanism of raising a claim of ineffective assistance of counsel under 28 U.S.C. § 2255." *United States v. Williams*, 753 F.3d 626, 636 (6th Cir. 2014).

## III.

Hodges also makes several arguments as to why his sentence is unreasonable. "This Court reviews sentences for procedural and substantive reasonableness." *United States v. Adkins*, 729 F.3d 559, 563 (6th Cir. 2013). First, we must ensure that the district court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If no procedural error occurred, the Court must then 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Id.* (quoting *Gall*, 552 U.S. at 51). "The sentence may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *Id.* (internal quotation marks omitted). "The substantive reasonableness inquiry takes into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Abdulmutallab*, 739 F.3d 891, 908

(6th Cir. 2014) (internal quotation marks omitted). That being said, "if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness." *Gall*, 552 U.S. at 51.

## A.

As for procedural reasonableness, Hodges contends that the district court based his sentence on clearly erroneous facts, namely that he was a professional drug dealer and caused damage to the community. Although the government argued that Hodges had been selling drugs for some time, there is no indication that the district court based its sentence on that argument; the court never mentioned it during its explanation of the sentence. Nor, for that matter, is there any indication that such a factual finding would be clearly erroneous. The court did, however, note that Hodges's offense exposed the community's youth to a serious drug. It is not clearly erroneous to conclude that distribution of heroin in a community caused damage to that community. "Society as a whole is the victim when illegal drugs are being distributed in its communities." *United States v. Green*, 532 F.3d 538, 549 (6th Cir. 2008). To say that Hodges's crimes are victimless "is false to the point of absurdity." *United States v. Cole*, 526 F. App'x 638, 642 (6th Cir. 2013) (internal quotation marks omitted). Hodges "victimized individuals (by selling addictive drugs to them) and the community (by making addictive drugs readily available in the area)." *Id.* The district court committed no procedural error.

## B.

Hodges also makes several substantive reasonableness arguments. First, he argues that the district court grounded its sentence on impermissible factors. The first alleged impermissible factor was the higher drug quantity argued by the government. As he admits in his brief, however, "the District Court appeared to not sentence Hodges for having 1 kilo of heroin." In

fact, the district court stated that it was "uncomfortable with the drug quantity" argument because the government had allowed Hodges to plead to a lower amount, but asked at sentencing for a sentence based on the higher amount. The court also never mentioned the drug quantity during its explanation for the variance. The court did not, therefore, ground Hodges's sentence in the higher drug quantity.

Hodges also argues that the district court based his sentence on the impermissible factors of his age, his education, and his role in the community. These are not impermissible factors, however. Section 3553(a) requires the district court to consider the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(l). Hodges's age, education, and role in the community are characterized properly as history and characteristics of the defendant and thus may be considered by the district court. *See United States v. Mesteth*, 687 F.3d 1034, 1036 (8th Cir. 2012).

Second, Hodges argues that the factors the district court considered were already taken into consideration in his base offense level. We have rejected this exact argument, as it would mean "that in any case where the Guidelines calculation encompassed all of the § 3553(a) factors, any sentence outside of the recommended range (whether above or below that range) always would be substantively unreasonable if the district court again mentioned those factors." *United States v. Tristan-Madrigal*, 601 F.3d 629, 636 n.l (6th Cir. 2010). "This would preclude the district court from being able to comply with § 3553(a)'s mandate and would have the practical effect of making the Guidelines again mandatory, which is plainly not the law." *Id.*

Third, Hodges criticizes the district court for its failing to balance correctly the § 3553(a) factors, specifically by ignoring his lack of criminal history. The district court did not, however, ignore Hodges's lack of criminal history; in fact, it explicitly rejected the severity of the

government's requested variance because of his lack of criminal history. Hodges's argument boils down to an assertion that the district court should have balanced the § 3553(a) factors differently, but that "is simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (internal quotation marks omitted).

Finally, Hodges argues that the district court chose an unreasonable sentence because of the sentencing disparities between Hodges and other co-defendants. As the district court noted, however, a true avoidance of sentencing disparities would have led to a higher, not a lower, sentence for Hodges. Either way, the guidelines are concerned with "*national* disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct." *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008) (internal quotation marks omitted). The disparities between co-defendants are not relevant to the sentencing factor in 18 U.S.C. § 3553(a)(6). That being said, it was not error for the district court to consider sentencing disparities among co-defendants. The district court "*may* exercise [its] discretion and determine a defendant's sentence in light of a co-defendant's sentence" even though it is not required to do so. *United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008). The district court thus did not abuse its discretion in this respect or otherwise, and Hodges's sentence is not substantively unreasonable.

## IV.

For the foregoing reasons, finding no reversible error, we affirm.