# United States Court of Appeals
## For the First Circuit

No. 01-2307

UNITED STATES OF AMERICA,

Appellee,

v.

JONATHAN MOORE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Selya, Circuit Judge,

Bownes and Stahl, Senior Circuit Judges.

E. Peter Parker on brief for appellant.
Michael J. Sullivan, United States Attorney, and Theodore D. Chuang, Assistant United States Attorney, on brief, for the United States.

April 12, 2002

**SELYA**, **Circuit Judge**.  On April 29, 1998, a federal grand jury returned a one-count indictment charging defendant-appellant Jonathan Moore with possession of ammunition by a previously convicted felon in violation of 18 U.S.C. § 922(g).  The facts of the case are delineated in an earlier opinion of this court, United States v. Moore, 235 F.3d 700, 702-03 (1st Cir. 2000), and it would be pleonastic to rehearse them here.  For present purposes, it suffices to say that, after we set aside the district court's order suppressing certain evidence, id. at 704, Moore entered a guilty plea.

The district court sentenced Moore pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), imposing a fifteen-year term of immurement.  In choosing this course, the court relied upon a sentence-enhancement provision, 18 U.S.C. § 924(e)(1), which stipulates, inter alia, that a defendant who has at least three prior convictions "for a violent felony or a serious drug offense" is subject to a fifteen-year mandatory minimum sentence if he later violates the felon-in-possession law.

For purposes of the section 924(e) enhancement, the term "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).  Before committing the

-2-

instant offense, Moore had been convicted in the Massachusetts state court system on four separate occasions for possessing cocaine with intent to deliver — a crime punishable "by imprisonment in the state prison for not more than ten years, or in a jail or house of correction for not more than two and one-half years . . . ." Mass. Gen. Laws ch. 94C, § 32A(a). These were the predicate offenses upon which the sentencing court relied in invoking 18 U.S.C. § 924(e).

Moore argued at the disposition hearing that the four convictions did not constitute "serious drug offenses" within the purview of section 924(e)(2)(A)(ii) because they were adjudicated in the state district court — a court which, by statute, cannot impose a sentence of more than two and one-half years.[1] See Mass. Gen. Laws ch. 218, § 27 (providing that a defendant convicted in a district court may not be sentenced to state prison); see also id. ch. 279, § 23 (limiting sentences to the house of correction to two and one-half years). The court below rejected this argument, stating:

> There is a single offense defined in the statute, and that is possession with intent to distribute. There are a possibility of different ranges of punishments, but there is a single offense. . . . It is the Massachusetts structure to provide different forums for the punishment of that.

---

[1]In Massachusetts, the superior and district courts have concurrent jurisdiction over violations of Mass. Gen. Laws ch. 94C, § 32A. See Mass. Gen. Laws ch. 218, § 26.

-3-

Accordingly, the court held that Moore's narcotics convictions qualified as ACCA predicate offenses.

Moore now appeals the sentence. Since his appeal raises unvarnished questions of law, we review the district court's determinations de novo. United States v. Mateo, 271 F.3d 11, 13 (1st Cir. 2001); United States v. Alegria, 192 F.3d 179, 191 (1st Cir. 1999). After careful perscrutation of the applicable law, the parties' briefs, and the record, we discern no error.

Moore's principal claim fails because it ignores the method that the Supreme Court has prescribed for determining whether a prior conviction may serve as a predicate offense for sentence-enhancement purposes. That method embodies "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990). Under the categorical approach — which applies in ACCA cases, see United States v. Nason, 269 F.3d 10, 13-14 (1st Cir. 2001) — the sentencing court typically must limit its inquiry to "the fact of conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602.

In the context of 18 U.S.C. § 924(e)(2)(A)(ii), this approach necessitates a comparison of the provisions of the relevant state statute with the federal statute's definition of "serious drug offense." E.g., United States v. McMahon, 91 F.3d

-4-

1394, 1398 (10th Cir. 1996); United States v. Jefferson, 88 F.3d 240, 241-43 (3d Cir. 1996); United States v. Williams, 20 F.3d 125, 132-34 (5th Cir. 1994). The relevant state statute here, Mass. Gen. Laws ch. 94C, § 32A(a), allows for a maximum possible penalty of ten years' incarceration, and, thus, fits comfortably within the ambit of "serious drug offense" as that term is defined in 18 U.S.C. § 924(e)(2)(A)(ii). See United States v. Gunn, 962 F. Supp. 214, 215-16 (D. Mass. 1997) (concluding that a conviction under Mass. Gen. Laws ch. 94, § 32(a) falls within the contours of a "serious drug offense" as that term is defined in the ACCA, despite the fact that the defendant's prior conviction occurred in the state district court), aff'd, 141 F.3d 1150 (1st Cir. 1998) (table); cf. McCarthy v. United States, 135 F.3d 754, 756-57 (11th Cir. 1998) (treating statutory maximum penalty under Florida law as dispositive, notwithstanding that the Florida sentencing guidelines effectively capped the defendant's sentence for the prior offense at four and one-half years). No more is exigible.

In an effort to blunt the force of this reasoning, Moore directs us to case law indicating that, in considering whether a particular conviction qualifies as an ACCA predicate offense, a court sometimes may look to sources beyond the statutory definition of a crime (such as the charging papers or jury instructions). E.g., United States v. Shepard, 231 F.3d 56, 69 (1st Cir. 2000), cert. denied, 122 S. Ct. 72 (2001); United States v. Damon, 127

F.3d 139, 140 (1st Cir. 1997); United States v. Harris, 964 F.2d
1234, 1237 (1st Cir. 1992).  These cases are inapposite.  They
relate not to whether a crime is a "serious drug offense," but,
rather, to the conceptually different question of whether a crime
is a "violent felony" under 18 U.S.C. § 924(e)(2)(B).  That
analysis focuses not on whether the crime carries the requisite
maximum penalty, but on whether the characteristics of the crime
place it within the four corners of a particular statutory
definition.[2]  See Shepard, 231 F.3d at 59; Damon, 127 F.3d at 142;
Harris, 964 F.2d at 1235.

In the case at bar, unlike in the "violent felony" cases,
there is a single offense — cocaine distribution — albeit one that
presents the possibility of divergent ranges of punishment.
Because there is no issue as to which of several different crimes
Moore committed, there is no warrant for probing beneath the

_____

[2]The ACCA defines a "violent felony"  as

any crime punishable by imprisonment for a term exceeding
one year . . . that —

    (i) has as an element the use, attempted use,
    or threatened use of physical force against
    the person of another; or

    (ii) is burglary, arson, or extortion,
    involves the use of explosives, or otherwise
    involves conduct that presents a serious
    potential risk of physical injury to another
    . . . .

18 U.S.C. § 924(e)(2)(B).  The statute does not define "serious
drug offense" by reference to a similar set of characteristics.

-6-

statutory definition of the crime. See United States v. Doe, 960 F.2d 221, 224 (1st Cir. 1992) (explaining that consideration of information beyond the statutory definition of a potential predicate offense is limited to instances in which "a single statutory provision defines several different crimes"); see generally United States v. Correa, 114 F.3d 314, 317 (1st Cir. 1997) (observing that the categorical approach centers on a court "restricting its examination to the legislature's definition of the crime").

Relatedly, Moore asserts that he has been "unfairly deprived . . . of the results of his state-court plea bargains." Appellant's Br. at 12. This assertion is jejune. Sentence enhancements that build upon predicate offenses do not increase a defendant's punishment for the earlier offenses but merely provide a more onerous penalty for the newly-committed crime. Gryger v. Burke, 334 U.S. 728, 732 (1948). This makes perfect sense because the new crime, viewed against the backdrop of the defendant's checkered criminal past, "is considered to be an aggravated offense" due to its recidivist quality. Id.

Moore also argues that the application of the ACCA sentencing regime to his case flouts the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), inasmuch as the prior convictions were neither alleged in the indictment nor proven

independently.  The sentencing court rejected this argument, and so do we.

At bottom, Moore's thesis is that, under Apprendi, the imposition of a sentence enhanced by reason of prior convictions violates the Due Process Clause because the predicate offenses were neither charged in the indictment nor proved beyond a reasonable doubt.  Since the consequent fifteen-year sentence exceeds the baseline ten-year statutory maximum, see 18 U.S.C. § 924(a)(2) (establishing baseline penalty provision for violation of 18 U.S.C. § 922(g)), his thesis continues, the sentence cannot stand.

Moore's thesis relies on a myopic reading of the core principle set forth in Apprendi.  That principle holds that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  But the Apprendi Court explicitly exempted sentence-enhancement provisions based upon prior criminal convictions from the scope of this holding.  See id. (prefacing the quoted language with the phrase "[o]ther than the fact of a prior conviction").  That is critically important because the exemption left intact the Court's earlier decision in Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 247 (1998) — a decision in which the Court upheld, against a constitutional challenge, Congress's decision to treat prior

convictions as a sentencing factor rather than an element of a federal criminal offense.

In the post-Apprendi era, we have ruled with a regularity bordering on the monotonous that, given the explicit exception and the force of Almendarez-Torres, the rationale of Apprendi does not apply to sentence-enhancement provisions based upon prior criminal convictions. E.g., United States v. Bradshaw, 281 F.3d 278, 294 (1st Cir. 2002); United States v. Gomez-Estrada, 273 F.3d 400, 401-02 (1st Cir. 2001); United States v. Terry, 240 F.3d 65, 73-74 (1st Cir.), cert. denied, 532 U.S. 1023 (2001). In light of this unbroken line of authority, Moore's Apprendi-based thesis crumbles.

We need go no further. For the foregoing reasons, the lower court did not err in sentencing Moore, pursuant to the ACCA, to a fifteen-year incarcerative term.

**Affirmed**.