**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dennis COLES, Defendant–Appellant.**

No. 03–1451.

United States Court of Appeals,
Seventh Circuit.

Submitted April 19, 2004.

Decided May 3, 2004.

Colin S. Bruce, Urbana, IL, for Plaintiff–Appellee.

Dennis Coles, Cumberland, MD, pro se.

Before POSNER, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Dennis Coles was convicted after a jury trial of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and sentenced as an Armed Career Criminal, *id.* § 924(e), to 293 months' imprisonment and five years' supervised release. His appointed appellate attorney filed a notice of appeal but now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to find a nonfrivolous issue for appeal. Coles was notified of counsel's motion, *see* Cir. R. 51(b), and has filed a response. We limit our review of the record to those potential issues identified in counsel's facially adequate brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997), and in Coles's response. Because we conclude that all of those potential issues are frivolous, we grant counsel's motion to withdraw and dismiss Coles's appeal.

Coles was arrested after his girlfriend, Sabrina Hall, made several suspicious gun purchases at K's Merchandise in Decatur, Illinois. The assistant store manager suspected that Hall was a "straw purchaser" because she came in frequently, selected multiple handguns without inspecting them, and paid in cash. The manager contacted the ATF, and agents arranged

to be present when Hall came to the store to pick up four 9mm handguns that she had bought during an earlier visit but could not take home until after the required paperwork had been processed. Coles accompanied Hall when she arrived at the store on May 23, 2003, and conversed with her in the gun sales area while the serial numbers on her new guns were checked against the paperwork. The guns were then placed in unique silver shopping bags. Once outside the store, Coles took the bags from Hall. ATF agents approached the couple with guns drawn, told them to put the bags down, and cuffed their hands. Coles was arrested after he admitted being a felon.

■ Counsel first considers whether Coles could challenge the sufficiency of the evidence on appeal. At trial Coles stipulated that the four guns had traveled in interstate commerce and that he was already a felon when he handled them, and thus the only contested matter was whether he knowingly possessed the guns. Hall testified for the government that on this and every other occasion she bought the guns for Coles at his direction with his money or, in the case of the last buy, money that he had borrowed from her aunt. Hall added that after making the previous buys she had given the guns to Coles and never saw them again. Coles, in contrast, labeled Hall and the rest of the government's witnesses as liars and denied knowing that the bags he took from Hall just before his arrest contained guns. This credibility dispute was for the jury to resolve. *United States v. Hodges*, 315 F.3d 794, 799 (7th Cir.2003). Moreover, counsel correctly recognizes that it mattered not that Coles held the four guns only briefly before he was arrested; Coles had constructive possession even before he took the bags, *see, e.g., United States v. Chatmon*, 324 F.3d 889, 894 (7th Cir.2003) (con-

structive possession of a firearm is established by evidence demonstrating control); *United States v. Rawlings*, 341 F.3d 657, 658–59 (7th Cir.2003) ("Had [the defendant] said to one of his co-conspirators—'You hold this gun that I've bought but never touched, because I'm a felon and I don't want to be charged with being a felon in possession, if we are caught'—this would not negate his possession of it."), and in any event "fleeting" possession is still possession, *United States v. Lane*, 267 F.3d 715, 719 (7th Cir.2001). Thus it would be frivolous for Coles to argue that a "rational trier of fact could not have found the essential elements of the crimes charged beyond a reasonable doubt, viewed in a light most favorable to the government." *United States v. Galati*, 230 F.3d 254, 258 (7th Cir.2000).

■ Counsel next considers whether Coles might argue that the district court erred in denying his motion to suppress the guns and his post-arrest statements. At a suppression hearing ATF Special Agent Rollins testified that he and his fellow agents initially detained Coles outside K's Merchandise and then arrested him after Coles had been administered *Miranda* warnings and admitted that he was a felon. The district court—crediting Rollins's account—held that Coles's detention and arrest started as a classic stop-and-frisk that ripened into an arrest as probable cause was developed, and was entirely consistent with *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We would review this determination *de novo*. *United States v. Scheets*, 188 F.3d 829, 836 (7th Cir.1999). The agents reasonably suspected that Coles was involved in criminal activity because he took possession of guns that Hall had just obtained under obviously suspicious circumstances, and certainly the agents had sufficient basis to detain Coles in or-

der to confirm or dispel their suspicions. *See United States v. Felix–Felix,* 275 F.3d 627, 633 (7th Cir.2001). Coles was frisked, cufffed, identified, and asked whether he was a felon. When he admitted that he was, the federal agents surely had probable cause to arrest him for violating § 922(g)(1).

■ Counsel also questions whether Coles might argue on appeal that his 293–month sentence under the Armed Career Criminal Act was imposed in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because, had it not been for the enhancement, the statutory maximum would have been 10 years, *see* 18 U.S.C. 924(a)(2). Statutory recidivism enhancements do not implicate *Apprendi, see* 530 U.S. at 490; *United States v. Hendricks,* 319 F.3d 993, 1008 (7th Cir.2003), so we agree with counsel that pursuit of this contention would be frivolous.

■■ Next, counsel evaluates whether Coles could advance a nonfrivolous challenge to the use of two of his previous convictions as qualifying offenses under § 924(e). Under § 924(e), a felon who violates § 922(g) after incurring three prior convictions committed on separate occasions for "violent felonies" or "serious drug offenses" is subject to imprisonment for 15 years to life. Coles was previously convicted of delivery of cocaine in Michigan in 1992, armed robbery in Michigan in 1996, and delivery of cocaine in Illinois in 1996. He challenged reliance on the robbery on the ground that he received a sentence of lifetime probation, rather than prison, but the court found that because the offense was punishable by a maximum sentence of 20 years, it qualified as a prior offense under 924(e) regardless of the sentence imposed. That conclusion is unassailable, 18 U.S.C. § 924(e)(2)(B) (including in definition of "violent felony" any crime "pun-

ishable" by more than one year). Coles also disputed the 1996 drug conviction because the state-court docket sheet identifies the conviction as a "Class 4" felony, which in Illinois carries no more than a six-year term even with enhancement, *see* 730 Ill. Comp. Stat. 5/5–8–2, whereas a "serious drug offense" is one punishable by at least 10 years. But the district court, reasoning that the charging instrument alleged a violation of 720 Ill. Comp. Stat. 570/401(c)(2), a Class 1 felony carrying a maximum penalty of 15 years, found as a matter of fact that the docket sheet contained a scrivener's error and that Coles's drug offense indeed carried a maximum sentence of at least 10 years. We agree with counsel that the court's finding is amply supported.

Counsel last questions whether Coles could challenge the computation of his criminal history category. Coles objected at sentencing that several of the convictions for which the probation officer had assessed points were "related," *see* U.S.S.G. § 4A1.2(a)(2), but we agree with counsel that further pursuit of this objection would be frivolous because the district court found that all of the challenged convictions were separated by intervening arrests; that determination ends any discussion of relatedness, *see id.,* comment. (n.3) ("Prior sentences are not considered related if they were for offenses separated by an intervening arrest."); *United States v. Bradley,* 218 F.3d 670, 673 (7th Cir.2000). Coles could not establish that the relatedness determination was clearly erroneous, *see United States v. Best,* 250 F.3d 1084, 1094–95 (7th Cir.2001), so any effort to press the argument on appeal would be frivolous.

Finally, Coles proposes to challenge the constitutionality of § 922(g)(1) as applied to him on the premise that the guns were already in Illinois and no longer traveling

in interstate commerce when he bought them. We have consistently rejected this argument. *E.g., United States v. Thompson,* 359 F.3d 470, 480 (7th Cir.2004); *United States v. Harris,* 325 F.3d 865, 873 (7th Cir.2003); *United States v. Lemons,* 302 F.3d 769 (7th Cir.2002).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.