# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2751

_____

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
         v.      *    District Court for the
     *    Northern District of Iowa.
Maurice Haltiwanger, also known      *
as Clyde,      *
     *
         Appellant.      *

_____

Submitted: March 18, 2011
Filed: March 25, 2011

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

After this court affirmed the 240-month sentence Maurice Haltiwanger received pursuant to 21 U.S.C. § 841(b)(1), the Supreme Court granted Haltiwanger's petition for writ of certiorari, vacated our judgment, and remanded the case for further consideration in light of Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010). After further consideration, we now reverse Haltiwanger's sentence and remand this case to the district court for resentencing.

I

Haltiwanger pleaded guilty to one count of conspiracy to distribute fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of distributing and aiding and abetting the distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. Haltiwanger had a prior conviction for failure to affix a drug tax stamp in violation of Kansas Statutes Annotated § 79-5204. The district court determined the conviction qualified as a prior felony drug offense pursuant to 21 U.S.C. § 841(b)(1), triggering a mandatory minimum sentence of 240 months.

Haltiwanger appealed his 240-month sentence contending his tax stamp conviction is not a felony drug offense because he could not have been sentenced to more than seven months of imprisonment under the Kansas Sentencing Guidelines. The seven-month cap on Haltiwanger's sentence is based on two factors:  a) Haltiwanger's status as a nonrecidivist with a criminal history category of I under the Kansas sentencing structure, see Kan. Stat. Ann. § 21-4704(a) (setting forth a sentencing range of five to seven months for defendants who have a criminal history category of I (one misdemeanor or no prior record) and are convicted of nondrug[1] offenses classified as level 10 felonies); and b) the tax stamp offense being classified as a level 10 felony under Kansas law, see Kan. Stat. Ann. § 79-5204. Level 10 felonies are ranked as the lowest on the severity level under the Kansas sentencing structure, and can trigger a sentence in excess of twelve months only for recidivists with three or more felonies involving offenses against persons. See Kan. Stat. Ann. § 21-4704(a).

---

[1]Although the tax stamp conviction is considered a nondrug offense under Kansas law, Haltiwanger does not dispute that it qualifies as a drug offense under federal law.

In the district court, Haltiwanger persuaded a magistrate judge[2] that the seven-month cap on his Kansas sentence precluded the tax stamp conviction from being considered a felony drug offense under 21 U.S.C. § 841(b)(1), even if other recidivist defendants were subject to sentences in excess of one year. In its report and recommendation, the magistrate judge interpreted the Supreme Court's decision in United States v. Rodriquez, 553 U.S. 377 (2008), as requiring Haltiwanger's personal criminal history to be taken into account in determining the maximum term of imprisonment for the tax stamp conviction. As a consequence, the magistrate judge determined the seven-month cap – tied directly to Haltiwanger's lack of criminal history (i.e., nonrecidivism) – precluded the conviction from being considered a felony even though the maximum penalty that could be imposed for the same crime on other recidivist offenders was thirteen months.

The district court declined to adopt the magistrate judge's recommendation, concluding it was foreclosed by our decision in United States v. Guzman-Tlaseca, 546 F.3d 571 (8th Cir. 2008). We initially agreed with the district court's analysis, and affirmed the 240-month sentence imposed upon Haltiwanger.

After reconsidering our decision in light of Carachuri-Rosendo, we now believe the magistrate judge's analysis of the Rodriquez decision was sound. Because the Kansas sentencing structure links maximum terms of imprisonment directly to a particular defendant's recidivism (or lack thereof), we believe Carachuri-Rosendo and Rodriquez require us to take into account the seven-month cap on Haltiwanger's individual sentence when determining whether the tax stamp conviction qualifies as a felony under 21 U.S.C. § 841(b)(1).

---

[2]The Honorable Paul A. Zoss, United States Magistrate Judge for the Northern District of Iowa.

II

The government argues the primary import of Carachuri-Rosendo was to reject the use of a hypothetical approach when determining whether a state misdemeanor conviction qualifies as a felony under federal law. See id. at 2589 ("The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, *could have* authorized a felony conviction under federal law is insufficient[.]" (emphasis added)). Seizing upon the Court's admonition that "we are to look to the conviction itself as our starting place, not to what might have or could have been charged," id. at 2586, the government contends Carachuri-Rosendo is distinguishable because it addressed a misdemeanor conviction which could only hypothetically be charged as a felony, whereas this case involves a conviction actually charged as a felony. The government argues Carachuri-Rosendo is inapplicable when determining the maximum term of imprisonment for a crime actually charged as a felony.

As the Supreme Court duly noted, however, for any conviction to be considered a felony, the "maximum term of imprisonment authorized must be more than one year." Id. at 2586 (citing 18 U.S.C. § 3559(a)(5) (internal quotation marks omitted)). In other words, the government's premise – that Haltiwanger was actually charged with a felony – necessarily requires an examination of the maximum term of imprisonment to which he was exposed. If the maximum term of imprisonment for Haltiwanger's particular offense was less than a year, then he was actually charged with a misdemeanor, not a felony. Upon careful review of Carachuri-Rosendo, including the Court's clarification and reiteration of its holding in Rodriquez, see id. at 1287 n.12, we conclude Haltiwanger was actually charged with a misdemeanor notwithstanding the fact Kansas generally defines a tax stamp conviction as a level 10 felony.

The import of Carachuri-Rosendo, as applied to this case, is the Supreme Court's explanation of the importance the presence of an *actual* recidivism enhancement in a particular case plays in determining the maximum term of imprisonment. Prior to Carachuri-Rosendo, the Sixth Circuit analyzed Rodriquez and noted the Supreme Court held therein that a recidivism enhancement plays a role in determining the maximum term of imprisonment "only in circumstances where the particular defendant actually faced the possibility of the enhancement." United States v. Pruitt, 545 F.3d 416, 423 (6th Cir. 2008). In Carachuri-Rosendo, the Supreme Court essentially ratified the Sixth Circuit's understanding of Rodriquez, explaining that a recidivist finding must be part of a particular defendant's record of conviction before it can play a role in setting the maximum term of imprisonment. See Carachuri-Rosendo, 130 S.Ct. at 2587 n.12 ("We held [in Rodriquez] that a recidivist finding could set the 'maximum term of imprisonment,' but only when the finding is a part of the record of conviction."). Thus, where a maximum term of imprisonment of more than one year is directly tied to recidivism, Carachuri-Rosendo and Rodriquez require that an actual recidivist finding – rather than the mere possibility of a recidivist finding – must be part of a particular defendant's record of conviction for the conviction to qualify as a felony. See Pruitt, 545 F.3d at 423-24 (applying Rodriquez to North Carolina's sentencing scheme, which connects a defendant's criminal history directly to the maximum term of imprisonment authorized, and concluding Rodriquez requires a defendant's individual criminal history to be considered in determining whether a prior conviction qualifies as a felony).

Applying Rodriquez and Carachuri-Rosendo to this case, we conclude the recidivist finding necessary to trigger a maximum term of imprisonment of more than one year is not a part of Haltiwanger's record of conviction. The Kansas sentencing structure ties a particular defendant's criminal history to the maximum term of imprisonment which may be imposed for a violation of the drug tax stamp law. Nonrecidivists, such as Haltiwanger, may only be sentenced to seven months of imprisonment, i.e., a misdemeanor term. Only recidivists with three or more felonies

-5-

involving offenses against persons may be subject to a maximum term of imprisonment of more than one year, i.e., a felony term. <u>See</u> Kan. Stat. Ann. § 21-4704. In other words, the recidivist finding necessary to trigger a sentence in excess of a year could not be a part of Haltiwanger's record of conviction, because he was not a recidivist. In accord with <u>Carachuri-Rosendo</u>, the hypothetical possibility that some recidivist defendants could have faced a sentence of more than one year is not enough to qualify Haltiwanger's conviction as a felony under 21 U.S.C. § 841(b)(1).

III

We reverse Haltiwanger's sentence and remand this case to the district court for resentencing.

BEAM, Circuit Judge, dissenting.

I believe that our judgment in this case is not affected by <u>Carachuri-Rosendo</u>. Accordingly, I dissent.

_____