# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2688

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth David Jefferson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 10, 2016
Filed: May 17, 2016
[Published]

_____

Before SMITH and COLLOTON, Circuit Judges, and ERICKSON[1], District
Judge.

_____

PER CURIAM.

---

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court
for the District of North Dakota, sitting by designation.

Kenneth David Jefferson appeals his 188-month sentence, arguing that the district court[2] plainly erred in classifying him as an armed career criminal. We affirm.

## I. *Background*

Jefferson pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to sentencing, the presentence investigation report (PSR) revealed that Jefferson "has at least three prior convictions for a violent felony or serious drug offense, or both," including felony drug-trafficking convictions in 2001, 2004, and 2008 from Illinois. Based on these convictions, the probation office recommended that Jefferson be classified as an armed career criminal and subjected to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Applying U.S.S.G. § 4B1.4(b)(3)(A), the PSR calculated an offense level of 34 because Jefferson "possessed the firearm in connection with Possession of Cocaine With Intent to Distribute in violation of Iowa Code § 124.401(1)(c)(2)(b)." The PSR ultimately calculated a total offense level of 31. Because the probation office identified Jefferson as an armed career criminal, it assigned him a criminal history category of VI. This resulted in a Guidelines range of 188 to 235 months' imprisonment.

Jefferson challenged his alleged 2001 and 2004 convictions. Jefferson argued that the government produced insufficient proof that he had sustained these convictions. Jefferson, however, never argued that the 2001 Illinois drug-trafficking conviction would not constitute a "serious drug offense" under the ACCA, if proven to exist. At sentencing, the government offered seven exhibits as evidence of Jefferson's convictions. Crediting these documents, the district court determined that Jefferson was an armed career criminal based on the 2001, 2004, and 2008 convictions. Consistent with the PSR, the district court calculated a Guidelines range

---

[2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

of 188 to 235 months' imprisonment. It then sentenced Jefferson to 188 months' imprisonment.

## II. *Discussion*

Jefferson argues for the first time on appeal that his 2001 Illinois drug-trafficking conviction does not constitute a "serious drug offense" under the ACCA. Specifically, he asserts that because he received a "sentence" of "boot camp"[3] for that conviction, he was not convicted of an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Jefferson concedes that our review of his claim is for plain error. For Jefferson to obtain relief under this standard, he "must show that there was an error, the error is clear or obvious under current law, the error affected the [his] substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mesteth*, 687 F.3d 1034, 1037 (8th Cir. 2012) (quotation and citation omitted).

"The ACCA defines 'serious drug offense,' in relevant part, as 'an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , *for which a maximum term of imprisonment of ten years or more is prescribed by law*[.]'" *United States v. Bynum*, 669 F.3d 880, 885 (8th Cir. 2012) (alterations in original) (emphasis added) (footnote omitted) (quoting 18 U.S.C. § 924(e)(2)(A)(ii)). We "generally apply a categorical approach" in deciding whether a prior conviction constitutes a "serious drug offense"

---

[3]Both Jefferson and the government refer to "boot camp" as a "sentence" in their respective briefs. Under Illinois law, boot camp is "not a sentence, but merely a possible alternative after the fact of sentencing." *People v. Manoharan*, 916 N.E.2d 134, 143 (Ill. Ct. App. 2009). In other words, a defendant is sentenced to a term of years and then placed in the boot-camp program to serve the sentence. *See id*.

"and 'look only to the fact of conviction and the statutory definition of the prior offense.'" *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)).

Here, on January 17, 2001, Jefferson was convicted of manufacturing or delivering 15 grams of cocaine. Jefferson's crime violated 720 Illinois Compiled Statutes Annotated 570/401(c)(2) (West 2000). At the time of his conviction, Illinois classified this offense as a Class 1 felony. Jefferson was placed in the "Cook County Boot Camp Program." The statute of conviction provides:

> Except as authorized by this Act, it is unlawful for any person knowingly to: (i) manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance . . . .
>
> ***
>
> (c) Any person who violates this Section with regard to the following amounts of controlled or counterfeit substances . . . is guilty of a Class 1 felony. . . . :
>
> ***
>
> > (2) 1 gram or more but less than 15 grams of any substance containing cocaine, or an analog thereof . . . .

720 Ill. Comp. Stat. Ann. 570/401(c)(2) (West 2000).

Jefferson argues "that the applicable Illinois sentencing scheme for the 2001 conviction, and [his] sentence to 'boot camp,' means that the conviction was not for a drug[-]trafficking offense with a prescribed maximum sentence of ten years or more, as required for ACCA sentencing." At the time of Jefferson's conviction, Illinois punished Class 1 felonies by "not less than 4 years and *not more than 15*

*years*" of incarceration. 730 Ill. Comp. Stat. Ann. 5/5-8-1(a)(4) (West 2000) (emphasis added).

We have previously held that a defendant's "predicate drug convictions—four . . . Illinois convictions for delivering 1 to 15 grams of cocaine—" constituted "'serious drug offenses' as defined by 18 U.S.C. § 924(e)(2)(A)(ii) because they were Class 1 felonies under state law, and thus were punishable by up to fifteen years in prison." *United States v. Mitchell*, 112 F.3d 514, 514 (8th Cir. 1997) (per curiam) (unpublished table opinion) (citing Ill. Rev. St. 1991, ch. 56 ½, par. 1401(c)(2); Ill. Rev. St. 1991, ch. 38, par. 1005-8-1(a)(4)). Other circuits have reached similar conclusions. *See United States v. Coles*, 97 F. App'x 665, 668 (7th Cir. 2004) (unpublished order) (affirming the district court's conclusion that "a Class 1 felony carr[ies] a maximum penalty of 15 years" in the context of classifying an Illinois drug offense as a "serious drug offense"); *United States v. Hughes*, 92 F. App'x 769, 774 (10th Cir. 2004) (unpublished order and judgment) (affirming the district court's classification of defendant's Illinois drug offense as a serious drug offense where "documents showed that the defendant was convicted of a violation of an Illinois statute indicating that defendant had been convicted of a Class 1 felony and subject to a term of imprisonment from 4 to 15 years").

The aforementioned case law shows that Class 1 felonies in Illinois qualify as "serious drug offenses" under the ACCA because they are punishable by up to 15 years' imprisonment. Nonetheless, Jefferson argues that because he was sentenced to "boot camp," the operative maximum term of imprisonment was actually 8 years' imprisonment rather than 15. In *United States v. Gajdik*, the Seventh Circuit explained that, in order for a defendant to be eligible for "boot camp" or "Impact Incarceration" in Illinois, the defendant must, among other things, "have been sentenced to a term of imprisonment of eight years or less." 292 F.3d 555, 558 (7th Cir. 2002) (citing 730 Ill. Comp. Stat. Ann. 5/5-8-1.1(b)). Citing *Gajdik*, Jefferson argues that because he could not have both been sentenced to "boot camp" and

received a sentence above eight years, his particular conviction was not an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." *See* 18 U.S.C. § 924(e)(2)(A)(ii). In summary, he argues that "[a] Class 1 felony in Illinois is 'punishable' by more than 10 years, but the 'prescribed' punishment depends upon which sentencing alternative is elected by the court. Because the sentencing court in [Jefferson]'s case chose the boot camp option, no sentence above eight years could have been imposed."

In support of his argument, Jefferson relies on *United States v. Rodriquez*, 553 U.S. 377 (2008), and *United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011). Jefferson's reliance on *Rodriquez* and *Haltiwanger* is misplaced, as those cases both involved state statutes in which the maximum prescribed term of imprisonment turned on the defendant's status as a recidivist offender. *See Rodriquez*, 553 U.S. at 382–83 (holding that two of the defendant's three prior convictions for delivery of a controlled substance in violation of Washington law had a maximum term of imprisonment prescribed by law of ten years and, thus, qualified as "serious drug offenses" under the ACCA, where Washington statutes provided for five-year statutory maximum sentence for the first offense and ten-year maximum for a second or subsequent offense); *Haltiwanger*, 637 F.3d at 884 (holding that "where a maximum term of imprisonment . . . is directly tied to recidivism," the "actual recidivist finding . . . must be part of a particular defendant's record of conviction for the conviction to qualify as a felony" (citation omitted)). By contrast, the maximum term of imprisonment governing Jefferson's 2001 conviction does not turn on his status as a recidivist offender. Instead, as explained *supra*, Jefferson's Class 1 felony conviction produced a prescribed term of imprisonment of "not less than 4 years and not more than 15 years." 730 Ill. Comp. Stat. Ann. 5/5-8-1(a)(4) (West 2000). Jefferson's placement in the "boot camp" does not alter this conclusion. Under Illinois law, a defendant is only eligible for "impact incarceration" if "[t]he person has been sentenced to a term of imprisonment of 8 years or less." 730 Ill. Comp. Stat. Ann. 5/5-8-1.1(b)(4) (West 2000). Therefore, in Jefferson's case, "impact incarceration" or

"boot camp" was only an option after the sentencing court decided to impose a sentence lower than the statutory maximum of 15 years' imprisonment. The sentencing court's decision to sentence below the statutory maximum did not change the statutory maximum, nor did it create a category of new crimes with a lower statutory maximum. *See Griffin v. United States*, 617 F. App'x 618, 625 (8th Cir. 2015) (unpublished per curiam) ("[W]e find that Griffin was convicted of a crime for which Missouri's statutes prescribed a maximum sentence of ten years or more. Whether Griffin himself was sentenced to ten years or more is not determinative.").

As a result, we hold that the district court did not err in classifying Jefferson's 2001 Illinois drug conviction as a "serious drug offense," as he was convicted of an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____