# United States Court of Appeals
## For the First Circuit

No. 17-1080

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS LÓPEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Torruella, Lipez, and Thompson,
Circuit Judges.

James L. Sultan, with whom Kerry A. Haberlin and Rankin & Sultan were on brief, for appellant.
Mark T. Quinlivan, Assistant United States Attorney, with whom William D. Weinreb, Acting United States Attorney, was on brief, for appellee.

May 16, 2018

THOMPSON, **Circuit Judge**.  We have before us a case of déjà vu: an all too familiar argument that we have rejected in at least three prior decisions.  Not to beat a dead horse, but today, adhering to our precedent, we necessarily reject the argument once more.

Luis López pled guilty to being a felon in possession of a firearm and possession with intent to distribute heroin.  The Probation Office for the District of Massachusetts (the "Probation Office") determined that López was subject to a mandatory minimum sentence of fifteen years imprisonment under the Armed Career Criminal Act ("ACCA") because he had previously been convicted of at least three qualifying ACCA predicate offenses.  Before us, López challenges the sufficiency of his prior convictions to serve as ACCA predicates, alleging that direction from the Supreme Court requires us to revisit existing First Circuit precedent.  We find no intervening law that alters the validity of our prior decisions concerning ACCA predicate offenses and thus affirm his sentence.

## A. Getting Our Factual Bearings

We won't dwell on the circumstances leading to López's most recent arrest and convictions because they are undisputed.  López's objections focus instead on five prior Massachusetts convictions identified by the Probation Office that qualify as "serious drug offense[s]" or "violent feloni[es]" as defined by ACCA.  Our recitation of the facts therefore follows López's lead

and only briefly addresses the circumstances leading to his most recent convictions. We then shift gears, focusing primarily on the Probation Office's presentence report ("PSR") and the district court's subsequent sentencing determination.

### 1. López's Most Recent Criminal Convictions

The New Bedford, Massachusetts police department executed a search warrant on López's girlfriend's residence on December 31, 2014, following an investigation indicating that López was selling heroin at the house. Although López initially denied the presence of anything illegal, he eventually told the officers he was hiding heroin and a pistol. Officers found three individually packaged bags of heroin and several Percocet pills in López's jeans pocket, in addition to four grams of heroin elsewhere in the house. Police also recovered a loaded Glock 9mm with sixteen rounds of ammunition in the magazine. The pistol was traced by the Bureau of Alcohol, Tobacco, Firearms, and Explosives and was determined to have been reported stolen in North Carolina three months earlier.

On March 17, 2016, a federal grand jury in the District of Massachusetts returned an indictment charging López with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). López pled guilty to both charges.

## 2. Presentence Report and Sentencing

Following López's guilty plea, the Probation Office prepared a PSR. The PSR concluded that López was subject to a sentencing enhancement under 18 U.S.C. § 924(e), known colloquially as ACCA, because he had at least three prior convictions for "serious drug offense[s]" or "violent felon[ies]." 18 U.S.C. §§ 924(e)(2)(A), (B). In fact, the PSR identified five Massachusetts convictions that qualified as predicate offenses under ACCA: (1) a 2007 conviction for distribution of a class B drug prosecuted in the New Bedford District Court; (2) a May 2009 conviction for assault with a dangerous weapon ("ADW") prosecuted in the New Bedford District Court; (3) an October 2009 conviction for possession to distribute a class A drug prosecuted in the New Bedford District Court; (4) a 2012 conviction for breaking and entering in the nighttime for a felony prosecuted in the New Bedford District Court; and (5) a 2013 conviction for unlawful distribution of a class B substance (cocaine) prosecuted in the Bristol Superior Court.

Therefore, under ACCA, López was subject to a fifteen-year (180-month) mandatory minimum sentence. After scoring the severity of López's offenses and his criminal history against the U.S. Sentencing Guidelines, the PSR further recommended that the district court impose a sentence between 188 and 235 months.

- 4 -

López, in a memorandum sent to the district court, objected to the PSR for three reasons. First, he challenged the classification of his two New Bedford District Court drug convictions as "serious drug offense[s]" as defined by ACCA. Next, he argued that his ADW conviction did not qualify as an ACCA "violent felony." Finally, he objected to the classification of his breaking and entering conviction as a qualifying offense because he argued it was incorrectly classified as a "burglary" to meet the ACCA definition of a violent felony. The Probation Office, in its own memorandum, rejected López's contentions and reaffirmed its position that all five of López's convictions had been properly identified as qualifying ACCA predicate offenses.

At the sentencing hearing convened on January 11, 2017, the district court accepted that at least three of the offenses outlined in the PSR qualified as ACCA predicates and noted that it interpreted López's objections to the PSR "more by the way of preserving the issues with respect to how we apply the mandatory minimum sentence" and that there "[is] not much I can do about it at this point."[1] The district court sentenced López to ACCA's mandatory minimum sentence of fifteen years (180 months)

---

[1] The district court declined to decide whether López's breaking and entering conviction was properly classified as an ACCA predicate, reasoning that such a determination was unnecessary in light of López's other ACCA predicates.

- 5 -

imprisonment. In handing down this sentence, the district court

judge stated:

> Well, without offering an opinion as to what a sentence might be if it were not for the constraints of the mandatory minimum sentence, as Mr. Sultan's [counsel for López] memo candidly recognizes, I have no choice in this matter, until and unless the First Circuit or the Supreme Court changes the applicable law, but to impose the mandatory minimum sentence. . . . I think, as you understand, the Court's hands are tied in this matter.

The facts recounted, we move on to the main act.

### **B. Analysis**

On appeal (like at the district court), López challenges

whether his 2007 and 2009 drug convictions qualify as "serious

drug offense[s]" under ACCA. He next reasserts his contention

that his 2009 ADW conviction does not qualify as an ACCA "violent

felony." Finally, López tells us his 2012 breaking and entering

conviction was also insufficient to serve as an ACCA predicate.[2]

But this appeal can start and stop at López's "serious drug

offense" challenge. Indeed, for reasons we will explain in a

moment, we conclude that both López's 2007 and 2009 drug

convictions are qualifying predicates. Importantly, López has a

third, independent drug conviction (from 2013) whose sufficiency

he has never contested to serve as a predicate offense (either at

---

[2] We note, though, that the Government did not rely on this breaking and entering conviction either in the district court or on appeal to argue that López has at least three qualifying convictions.

the lower court or before us now).  That uncontested conviction coupled with his 2007 and 2009 convictions means it's "one, two, three strikes you're out" for López.  We thus do not ultimately reach López's challenges to his ADW conviction or his breaking and entering conviction.

## 1. ACCA and Sentencing in Massachusetts

First, some context.  ACCA prescribes stiffer sentences for repeat offenders when they are convicted of enumerated crimes. See 18 U.S.C. § 924.  If a defendant is convicted of an eligible crime, including any conviction of a crime punishable by imprisonment for a term exceeding one year, and "has three previous convictions . . . for a violent felony or a serious drug offense, or both," that defendant faces a mandatory minimum sentence of fifteen years and other potential sentence enhancements.  See 18 U.S.C. § 924(e)(1). ACCA defines a "serious drug offense" in part as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added).[3]

---

[3] For the interested reader, we note that ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  And that a

Sentencing courts apply a "categorical approach" in determining whether a defendant's prior conviction meets the criteria for an ACCA predicate offense. Descamps v. United States, 570 U.S. 254, 261 (2013) (citing Taylor v. United States, 495 U.S. 575, 600 (1990)). Under this approach, courts generally look only to whether a defendant was previously convicted and the elements that comprise the relevant statute of conviction in determining whether a prior offense may serve as a predicate offense under ACCA. Id. Courts may not look to the particular facts underlying a defendant's prior conviction in this analysis. Id. If the relevant statute of conviction has the same or narrower elements than a serious drug offense, the offense may serve as an ACCA predicate. Id. Likewise, a prior conviction may serve as a qualifying ACCA predicate if it includes the same or narrower elements than a "generic" ACCA crime such as burglary. See 18 U.S.C. § 924(e)(2)(B)(ii); Descamps, 570 U.S. at 261.

As noted above, López contends that his 2007 and 2009 drug distribution convictions were improperly classified as serious drug offenses as defined by ACCA. For each of these convictions, López faced "punish[ment] by imprisonment in the

violent felony under ACCA explicitly includes convictions for "burglary, arson, or extortion." Id. § 924(e)(2)(B)(ii). But because we do not reach López's challenges to his two convictions of violent crimes (ADW and breaking and entering), we need not address this aspect of ACCA in the body of the opinion.

state prison for not more than ten years or in a jail or house of correction for not more than two and one-half years."[4] M.G.L. ch. 94C, §§ 32(a), 32A(a). López challenges the sufficiency of these offenses to serve as ACCA predicates because of the Commonwealth's decision to prosecute him in a Massachusetts district court as opposed to a superior court. The Commonwealth of Massachusetts grants district and superior courts concurrent jurisdiction over certain crimes, including the drug related offenses for which López was convicted in 2007 and 2009. M.G.L. ch. 218, § 26. Despite concurrent jurisdiction in cases like these, Massachusetts district courts lack authority to sentence a defendant to a state prison. M.G.L. ch. 218, § 27. Rather, district courts in Massachusetts may only sentence a defendant to a jail or house of correction for a term of up to two and one-half years. M.G.L. ch. 279, § 23. Therefore, the maximum sentence that may be imposed by a Massachusetts district court for a conviction under M.G.L. ch. 94C, §§ 32(a) or 32A(a) is two and one-half years in a jail or house of correction. See M.G.L. ch. 279, § 23. In contrast, a conviction for either of the same

---

[4] López was convicted in 2007 under M.G.L. ch. 94C, § 32A(a) and in 2009 under § 32(a). Whereas § 32(a) concerns the distribution of Class A substances under the Controlled Substances Act ("CSA") and § 32A(a)concerns Class B substances, the two statutes impose an identical punishment. See M.G.L. ch. 94C, §§ 32(a), 32A(a).

crimes, when prosecuted in a Massachusetts superior court, may yield a sentence of up to ten years.

Despite the fact that the statutes proscribing López's crimes impose a possible punishment of up to ten years, López alleges that, realistically speaking, the maximum possible sentence he could have received in either case was a mere two and one-half years because of the statutory restrictions placed on Massachusetts district courts (like the one where he was prosecuted) when it comes to sentencing. As such, he tells us these two convictions cannot serve as ACCA predicate offenses.

Having laid out the legal context regarding ACCA and the dual-track nature of sentencing in Massachusetts for certain crimes, we address López's challenges to the applicability of the statute to his prior convictions and find them unavailing. But first, we briefly pause to determine the correct standard of review.

### 2. Standard of Review

In general, we review *de novo* a preserved challenge to the sufficiency of a prior offense to serve as a predicate under ACCA. United States v. Hudson, 823 F.3d 11, 14 (1st Cir. 2016). Plain error review is, on the other hand, appropriate where a defendant fails to preserve an objection to an alleged sentencing error. United States v. Rivera-Clemente, 813 F.3d 43, 50 (1st Cir. 2016).

- 10 -

López's objection to the classification of his 2007 and 2009 convictions as "serious drug offense[s]" is premised on his contention that we should revisit existing First Circuit precedent in light of two Supreme Court cases, Moncrieffe v. Holder, 569 U.S. 184 (2013), and Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). The Government tells us we need not reach López's argument here because he failed to adequately preserve this claim at the federal district court level. In particular, the Government argues we should deem López's "serious drug offense" claims waived because López did not specifically cite either Moncrieffe or Carachuri-Rosendo to the sentencing court in making his objection. As the Government tells it, this objection is subject at most to plain error review. We don't agree.

The Government sets the bar too high for a defendant attempting to preserve an objection for appeal. While it is true a defendant must object with specificity to an alleged sentencing error to trigger preservation of that claim on appeal, see United States v. Matos-de-Jesús, 856 F.3d 174, 177 (1st Cir. 2017); United States v. Gilman, 478 F.3d 440, 447 (1st Cir. 2007), we have no trouble concluding López did enough here.[5] Notably, López sent a memorandum to the district court including a subsection dedicated

---

[5] López raised his objection both in a "sentencing memorandum" shared with the court in response to the PSR, and at the time of sentencing.

to "State Court Drug Convictions (PSR, ¶¶ 44, 50)." López specifically argued in this memorandum that his 2007 and 2009 drug convictions did not qualify as predicate ACCA convictions because these offenses were prosecuted in a Massachusetts district court where the maximum term of incarceration he faced was two and one-half years, not ten years or more as required by ACCA. López's memorandum further acknowledged that his position was at loggerheads with existing circuit precedent, but maintained that this court's decision in Hudson that convictions under M.G.L. ch. 94C, § 32A(a) qualify as "serious drug offense[s]" was wrongly decided. 823 F.3d at 15. Claiming that López was required to address specific cases, including Moncrieffe and Carachuri-Rosendo, at the court below to support his contention that First Circuit precedent should be revisited asks too much. Indeed, this requirement would have little practical basis given that the district court was in no position to offer any redress to López's claim of alleged error in this case. See Eulitt ex rel. Eulitt v. Maine, Dep't of Educ., 386 F.3d 344, 349 (1st Cir. 2004) (finding that a district court is "hard put" to ignore binding circuit precedent until court of appeals overturns that precedent). Having found López's objection preserved, we move on to our final act and review his claim de novo.

### 3. Law of the Circuit Doctrine

López's argument that his district court convictions cannot serve as ACCA predicates is not new to us. Indeed, we have addressed, and rejected, nearly identical arguments on three prior occasions. See Hudson, 823 F.3d at 15 (affirming ACCA sentencing enhancement where conviction under M.G.L. ch. 94C, § 32A(a) prosecuted in a Massachusetts district court served as a predicate offense); United States v. Weekes, 611 F.3d 68, 72 (1st Cir. 2010) (same); United States v. Moore, 286 F.3d 47, 49 (1st Cir. 2002) (same). Attempting to escape the same fate, López tells us that Hudson, Weekes, and Moore should be revisited in light of what he says is "intervening" Supreme Court precedent, Moncrieffe and Carachuri-Rosendo.[6] In Carachuri-Rosendo, the Supreme Court held that the Government could not reclassify a defendant's prior conviction to meet the definition of an "aggravated felony" under the Immigration and Nationality Act ("INA") when the actual circumstances under which that defendant was prosecuted could have never led to such a conviction.[7] 560 U.S. at 582. In Moncrieffe,

---

[6] Calling these cases "intervening" case law is not correct for reasons we will discuss in our analysis. Suffice it to say, the First Circuit precedent López suggests we should revisit in light of Carachuri-Rosendo and Moncrieffe largely postdates both decisions.

[7] In Carachuri-Rosendo, our judicial superiors rejected the claim that a defendant's simple possession conviction under Texas state law could later be classified as an "aggravated felony" within the meaning of the INA. See 560 U.S. at 582. The INA

the Court dealt with facts similar to Carachuri-Rosendo and reaffirmed that "[t]he outcome in a hypothetical prosecution is not the relevant inquiry" in determining whether a defendant's prior conviction qualifies as an aggravated felony under the INA.[8]

authorizes a lawful permanent resident to apply for discretionary relief from removal if he has "not been convicted of any aggravated felony." See id. at 567. The petitioner, Carachuri-Rosendo, was a lawful permanent resident who sought such discretionary relief from a removal order on the basis that he had not been convicted of an aggravated felony within the meaning of the INA. Id. at 566. The Government argued that Carachuri-Rosendo had been convicted of an aggravated felony because he was previously convicted of two Texas state law offenses that could have hypothetically resulted in a federal felony conviction were these offenses prosecuted under different circumstances in federal court. Id. at 570. The Court rejected the Government's "hypothetical approach" to classifying a prior conviction as an aggravated felony because it relied on facts that did not serve as the basis for the state conviction and punishment. Id. at 580.

[8] In Moncrieffe, the Government attempted to demonstrate that petitioner, Moncrieffe, was ineligible for discretionary relief from removal by arguing that he had been convicted of an aggravated felony. See 569 U.S. at 188-89. Moncrieffe had been convicted of a Georgia offense that criminalized possession with intent to distribute marijuana. Id. Under the CSA, possession with intent to distribute marijuana can be either a felony or a misdemeanor depending on the circumstances of the offense. Id. at 193-94. Specifically, a defendant found to be "distributing a small amount of marihuana [sic] for no remuneration" is treated as a misdemeanant as opposed to a felon. Id. at 193 (citing 21 U.S.C. § 841(b)(1)(E)(4)). An aggravated felony under the INA only encompasses offenses that "proscrib[e] conduct punishable as a felony under [the CSA]." Id. at 188 (quoting Lopez v. Gonzalez, 549 U.S. 47, 60 (2006)). The Court in Moncrieffe found that it was unclear from Moncrieffe's record of conviction whether he had been convicted for possession with intent to distribute an amount of marijuana greater than "a small amount . . . for no remuneration." See id. at 206. The Court therefore held that Moncrieffe's prior conviction for selling marijuana could not be classified as an aggravated felony where the record was ambiguous

- 14 -

Moncrieffe, 569 U.S. at 197; see Carachuri-Rosendo, 560 U.S. at 566. López analogizes the Government's approach to classifying a prior conviction as an aggravated felony in Carachuri-Rosendo and Moncrieffe, rejected by the Court in those cases, to the district court's determination here that his 2007 and 2009 drug convictions carried a maximum penalty of ten years. López argues that his convictions could only carry a maximum penalty of ten years were he to have been prosecuted in a Massachusetts superior court, a factually different scenario to his case where both convictions were prosecuted in the New Bedford District Court. In light of Moncrieffe and Carachuri-Rosendo, López suggests that the dispositive question in determining whether a prior state conviction qualifies as a "serious drug offense" within the meaning of ACCA is the maximum sentence a defendant could have actually received under the charging circumstances, not the hypothetical maximum sentence were the case to have been prosecuted differently.

López is wrong. In fact, as mentioned earlier, his ask directly conflicts with our previous decisions in Hudson, Weekes, and Moore. See Hudson, 823 F.3d at 15; Weekes, 611 F.3d at 72; Moore, 286 F.3d at 49. And unfortunately for him, the pesky "law of the circuit doctrine" dooms his argument that these cases require our renewed attention. United States v. Rodríguez, 527

---

as to whether the conviction was punishable as a misdemeanor or a felony under the CSA. See id.

- 15 -

F.3d 221, 224 (1st Cir. 2008). This doctrine requires us to follow prior panel decisions closely on point. Id. It is "neither a straightjacket nor an immutable rule," though. Id. (quoting Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co., 215 F.3d 136, 142 (1st Cir. 2000)). Indeed, there are two exceptions to the law of the circuit doctrine in which a departure from circuit precedent is warranted: 1) "where the previous holding is contradicted by controlling authority, subsequently announced," United States v. Pires, 642 F.3d 1, 9 (1st Cir. 2011) (quoting Rodríguez, 527 F.3d at 225); and 2) when "authority that postdates the original decision, although not directly controlling, nevertheless offers a sound reason for believing that the former panel, in light of fresh developments, would change its collective mind." Id. (quoting Williams v. Ashland Eng'g Co., 45 F.3d 588, 592 (1st Cir. 1995)).

López does not meet either exception, however. His reliance on Moncrieffe and Carachuri-Rosendo is misguided for two reasons. First, Moncrieffe and Carachuri-Rosendo fail to meet the timing requirement imposed in both exceptions to the rule of the circuit doctrine. See Pires, 642 F.3d at 9-10. Carachuri-Rosendo was neither "subsequently announced" nor does it "postdate[]" our decisions in Weekes or Hudson. See Carachuri-Rosendo, 560 U.S. at 582; Hudson, 823 F.3d at 15; Pires, 642 F.3d at 9; Weekes, 611 F.3d at 72. Likewise, we decided Hudson three years after

- 16 -

Moncrieffe. See Moncrieffe, 133 S. Ct. at 1687; Hudson, 823 F.3d at 15. We therefore aren't fooled by López's characterization of Moncrieffe and Carachuri-Rosendo as intervening authority; that designation is simply incorrect.

Second, even without considering the timing of these cases, neither Moncrieffe nor Carachuri-Rosendo controls over our prior ACCA decisions, nor do they "offer[] a sound reason for believing that the former panel" that rendered judgment in those cases "would change its collective mind." Pires, 642 F.3d at 9 (quoting Williams, 45 F.3d at 592). In fact, we already rejected the interpretation of Carachuri-Rosendo (and by extension Moncrieffe) that López attempts to employ here in United States v. Rodriguez, No. 11-1431 (1st Cir. July 16, 2012), an unpublished judgment. In that case, the defendant argued that Carachuri-Rosendo demanded we revisit Moore and Weekes. See Rodriguez, judgment at 2. We disagreed, however, explaining that we saw "no reason to believe that the Moore and Weekes panels would change their minds in light of Carachuri-Rosendo." Rodriguez, judgment at 2. Similarly, both parties in Hudson addressed Carachuri-Rosendo in their briefing to the court. See Brief of Appellee at 29-32, United States v. Hudson, No. 14-2124 (1st Cir. August 18, 2015); Brief of Appellant at 27, United States v. Hudson, No. 14-2124 (1st Cir. June 9, 2015). The defendant in Hudson specifically relied on Carachuri-Rosendo to argue that this court's decision in

- 17 -

Moore was wrongly decided.  We nevertheless held in Hudson that the defendant "offer[ed] no new or previously unaddressed reason to deviate from our prior holdings on the issue."  823 F.3d at 15.  In other words, we necessarily concluded that Carachuri-Rosendo did not undermine the validity of Moore.

We apply the same reasoning of Hudson and Rodriguez to López's case.  Unlike in Moncrieffe or Carachuri-Rosendo, there is no dispute in the present case that López was charged with a statute that prescribed a maximum punishment of ten years imprisonment.[9]  M.G.L. ch. 94C, §§ 32(a), 32A(a); see Moncrieffe, 569 U.S. at 195-96; Carachuri-Rosendo, 560 U.S. at 582.  The statutes under which López was convicted thus "fit[] comfortably within the ambit of 'serious drug offense' as that term is defined in" ACCA.  Moore, 286 F.3d at 49.

Finally, López resorts to a last ditch effort to change our minds and sway us from existing circuit precedent by pointing

---

[9] The Court in Carachuri-Rosendo found that the defendant's record of conviction contained no finding that he was charged with an offense that met the statutory definition of an aggravated felony under the INA.  560 U.S. at 576.  The Court held that an immigration court "cannot, ex post, enhance the state offense of record just because facts known to it would have authorized a greater penalty." Id.  Similarly, the Court in Moncrieffe found that the relevant conviction in that case "did not 'necessarily' involve facts that correspond to an offense punishable as a felony under the CSA."  569 U.S. at 194-95.  The facts and statutes at issue in Moncrieffe and Carachuri-Rosendo render López's comparison to the present case inapposite.  See Moncrieffe, 569 U.S. at 195-96; Carachuri-Rosendo, 560 U.S. at 576.

us to decisions of the Fourth, Eighth, and Tenth Circuits that allegedly demonstrate a rejection of the type of sentencing enhancement applied in his case. See United States v. Brooks, 751 F.3d 1204 (10th Cir. 2014); United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc); United States v. Haltiwanger, 637 F.3d 881 (8th Cir. 2011). Like most Hail Mary passes, López's falls short. Not only are sister circuit decisions not binding on this court, but none of the decisions cited by López outside of the First Circuit postdate Hudson. Moreover, we find the decisions that López cites incomparable to the present case. See Brooks, 751 F.3d at 1210-11; Simmons, 649 F.3d at 249-50; Haltiwanger, 637 F.3d at 884. Indeed, each out-of-circuit case cited concerns the improper alteration of a defendant's record of conviction for the purposes of applying recidivist enhancements.[10] See Brooks, 751

_____

[10] In Simmons, for example, the Fourth Circuit reheard a challenge to a petitioner's sentence enhancement under the CSA en banc in light of the Supreme Court's decision in Carachuri-Rosendo. Simmons, 649 F.3d at 249-50. The contested enhancement, which doubled petitioner Simmons's sentence for marijuana distribution, was triggered because of a prior conviction for possession of marijuana under North Carolina state law. Id. at 239. The CSA allowed enhancement of sentence in this case if Simmons had "a prior conviction for a felony drug offense." Id. (citing 21 U.S.C. § 841(b)(1)(B)(vii)). Simmons's prior marijuana possession could have only resulted in imprisonment for more than a year, and could have therefore only qualified as a felony drug offense, if the state satisfied two conditions. Id. at 241. In Simmons's case, the prosecution failed to meet either of these conditions. Id. The court concluded that Simmons's prior state law conviction could not later be relied upon as a predicate offense where the state never satisfied the conditions necessary to convict Simmons of a

- 19 -

F.3d at 1210-11; Simmons, 649 F.3d at 249-50; Haltiwanger, 637 F.3d at 884. Like Carachuri-Rosendo, the three cases cited have no bearing on this case where there is no dispute that López was convicted of a statute that prescribes a maximum sentence that fits within the requirements of an ACCA predicate offense. See Carachuri-Rosendo 560 U.S. at 582; Brooks, 751 F.3d at 1210-11; Simmons, 649 F.3d at 249-50; Haltiwanger, 637 F.3d at 884. This is true even if prosecutorial discretion afforded López a better sentencing outcome in the state courts of the Commonwealth. In sum, then, we conclude that both of López's drug convictions in Massachusetts district court may serve as predicate offenses under ACCA.

As we previewed earlier, our determination that the district court did not err in relying on López's 2007 and 2009 drug convictions in applying the ACCA sentencing enhancement is enough to end our analysis. This, again, is because López does not dispute the sufficiency of one of the five offenses listed in the PSR to serve as a predicate offense under ACCA -- a 2013 conviction for unlawful distribution of cocaine. López,

felony drug offense at the time of his conviction. Id. at 244-45. The other out-of-circuit cases cited by López similarly involve attempts to impose sentencing enhancements where the prior offenses relied upon to trigger those enhancements were unsupported by facts necessary to impose the punishments mandated for predicate offenses. See Brooks, 751 F.3d at 1210-11; Simmons, 649 F.3d at 249-50; Haltiwanger, 637 F.3d at 884.

therefore, has at least three prior convictions for a serious drug offense under ACCA and was properly subjected to the fifteen-year mandatory minimum sentence under the statute. 18 U.S.C. § 924(e)(1). We won't rule on issues we don't have to. We thus do not reach López's claims regarding the classification of his ADW conviction or his breaking and entering conviction as "violent felon[ies]" under ACCA since doing so would in no way change the ultimate outcome here.

### C. Conclusion

Our job here done, we **affirm.**