United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40097
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

OSMIN ANTONIO CEDILLOS,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-530
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Osmin Antonio Cedillos appeals his guilty plea conviction
and sentence for illegal reentry.  He argues that (1) his North
Carolina felony conviction for possession of marijuana with
intent to distribute did not constitute a "felony drug
trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(B) (2004);
(2) the district court plainly erred in assessing two criminal
history points for two prior sentences pursuant to U.S.S.G.
§ 4A1.1(c); and (3) 8 U.S.C. § 1326(b)(1)&(2) are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

On de novo review, see United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005), we hold that the district court did not err in applying the § 2L1.2(b)(1)(B) enhancement because Cedillos' North Carolina conviction was punishable by imprisonment for a term exceeding one year and was therefore a "felony." See United States v. Harp, 406 F.3d 242, 246 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005).

On plain error review, we hold that although the district court clearly erred in assessing two criminal history points pursuant to § 4A1.1(c) for sentences imposed more than 10 years prior to the instant offense, see § 4A1.1(c), comment. (n.3), Cedillos has failed to carry his burden of establishing that the error affected his substantial rights. See Villegas, 404 F.3d at 363-64. The district court could, on remand, impose the same sentence. See United States v. Wheeler, 322 F.3d 823, 828 (5th Cir 2003). Alternatively, it is not reasonably probable that, but for the district court's misapplication of the Guidelines, Cedillos would have received a lesser sentence because the correct and incorrect guideline ranges overlap and he did not receive a sentence substantially greater than would have otherwise been permitted. See United States v. Garza-Lopez, 410 F.3d 268, 275 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005); Villegas, 404 F.3d at 364.

Finally, Cedillos' constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Cedillos contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See Garza-Lopez, 410 F.3d at 276. Cedillos properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.