**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 29, 2012

No. 11-40592
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL CASTRO-MAGAMA, also known as Miguel Angel Castro-Magama,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-99-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Miguel Castro-Magama (Castro) appeals the 30-month sentence imposed after he pleaded guilty under 8 U.S.C. § 1326(a) to illegally reentering the United States after deportation. He argues that the district court erred in applying a 12-level enhancement to his offense level under U.S.S.G. § 2L1.2(b)(1)(B). The enhancement applies if an illegal reentry defendant was previously deported after a conviction for a felony drug trafficking offense for which the sentence was 13 months or less. The district court based the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement on Castro's prior North Carolina convictions for selling cocaine and possession with intent to sell or deliver cocaine, for which he was sentenced to 9 to 11 months of imprisonment.  Castro argues that his prior convictions were not felonies because under North Carolina's structured sentencing statute, he was subject to no more than 11 months of imprisonment.  *See* § 2L1.2, comment. (n.2) (defining felony as a federal, state, or local offense punishable by imprisonment for a term exceeding one year).

Because Castro did not object in the district court, we review his claim for plain error only.  *See United States v. Perez*, 585 F.3d 880, 886 (5th Cir. 2009). To show plain error, Castro must show a forfeited error that is clear or obvious, instead of subject to reasonable dispute, and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

When Castro committed his North Carolina offenses in 2008, state law punished selling cocaine as a Class G felony by up to 44 months of imprisonment and punished possession with intent to sell or deliver cocaine as a Class H felony by up to 30 months in prison.  *See* N.C. GEN. STAT. § 90-95(b)(1) (2008); N.C. GEN. STAT. ANN. § 15A-1340.17 (c)-(d) (West 2008).  The state court consolidated the two offenses for sentencing and used the more serious offense to determine the sentencing range.   The state court determined that Castro should be punished under the mitigated range as a Class G felon with a prior record level of II.  The mitigated range of minimum punishments was 9 to 12 months of imprisonment.  *See* § 15A-1340.17(c).  The court selected a minimum sentence at the bottom of that range, and the corresponding maximum sentence was 11 months. *See* § 15A-1340.17(c)-(d).  Castro argues that this 11-month maximum governs the determination whether his offense was a felony for purposes of § 2L1.2(b)(1)(B).

No. 11-40592

We rejected arguments like Castro's in two unpublished opinions, *United States v. Colin-Fajardo*, 278 F. App'x 340, 341-42 (5th Cir. 2008), and *United States v. Cedillos*, 191 F. App'x 322, 323-24 (5th Cir. 2006). Although those decisions cited *United States v. Harp*, 406 F.3d 242, 245 (4th Cir. 2005), which was subsequently overruled by a divided Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc),[1] we cannot say, in light of the "legal landscape," that the district court's application of the § 2L1.2(b)(1)(B) enhancement was clear or obvious error. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009); *see also United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009) ("It is certainly not plain error for the district court to rely on an unpublished opinion that is squarely on point.").

AFFIRMED.

---

[1] We note that the Fourth Circuit's majority opinion in *Simmons,* 649 F.3d 237, ruled that its previous decision in *Harp*, 406 F.3d 242 was no longer good law in light of the Supreme Court's opinion in *Carachuri-Rosendo v. Holder,* 130 S. Ct. 2577 (2010).

3