IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 15-41693

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RUFINO LOREDO-MENDEZ,

Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-1050

_____

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Rufino Loredo-Mendez moves this court (1) to vacate the sentence imposed in this case and remand for resentencing, and (2) to issue the mandate forthwith. The United States agrees that it is appropriate for this court to vacate Mr. Loredo-Mendez's sentence and remand for resentencing, and does

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not oppose the motion to issue mandate forthwith.  For the following reasons, we grant both motions.

Loredo-Mendez was convicted and sentenced for being found unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326. At sentencing, he received an 8-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) on the basis of a 2000 North Carolina conviction for possession with intent to manufacture, sell, and deliver marijuana, which the district court counted as a "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less" and for which Loredo-Mendez did not receive criminal history points.

In his motion, Loredo-Mendez argues that, under the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), Loredo-Mendez's 2000 conviction did not support the enhancement because it was not punishable by imprisonment for a term exceeding a year and thus was not a "felony." *See* U.S.S.G. § 2L1.2 cmt. n.2 (defining "felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(B) as an offense "punishable by imprisonment for a term exceeding one year"). At sentencing, Loredo-Mendez did not object to the enhancement. Thus, we review the issue for plain error. *See United States v. Scher*, 601 F.3d 408, 411 (5th Cir. 2010). On plain-error review, we will reverse only if "(1) there is an error, (2) that is clear or obvious, and (3) that affects [the defendant's] substantial rights." *United States v. Ferguson*, 211 F.3d 878, 886 (5th Cir. 2000). Even if these conditions are met, the decision whether to correct a forfeited error remains soundly within our discretion; and we exercise that discretion only if an error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 735-36 (1993). Here, Loredo-Mendez's North Carolina conviction was punishable by not more than 8 months. *See Simmons*, 649 F.3d at 240; N.C.

No. 15-41693

Gen. Stat. § 15A-1340.17(c), (d). Thus, it was not a felony for the purposes of U.S.S.G. § 2L1.2(b)(1)(B). *See United States v. Zacarias-Lopez*, 583 F. App'x 354 (5th Cir. 2014).

We further conclude that the plain error identified and acknowledged by the parties affected Loredo-Mendez's substantial rights and the fairness, integrity, and reputation of the judicial proceedings. *See United States v. Alarcon*, 261 F.3d 416, 423-24 (5th Cir. 2001); *Zacarias-Lopez*, 583 F. App'x 354. But for the error in applying the 8-level enhancement, Loredo-Mendez's sentencing range would have been 10 to 16 months, which is lower than the 20-month sentence he received. "Generally, when a trial court incorrectly applies the United States Sentencing Guidelines, as it did here," a defendant's substantial rights are affected, and "the fairness, integrity, or public reputation of judicial proceedings is seriously affected." *Id.* Thus, we will exercise our discretion to correct the error.

Loredo-Mendez also moves this court to issue its mandate forthwith, because his projected release date is April 19, 2016. The government is likewise unopposed to that motion.

Accordingly, IT IS ORDERED that appellant's unopposed motion to vacate the district court's judgment and remand case for resentencing is GRANTED. IT IS FURTHER ORDERED that appellant's unopposed motion to issue the mandate forthwith is GRANTED.