# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20417
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONEL FAJARDO-GALVAN, also known as Leonel Galvan Fajardo, also
known as Leonel Fajardo Galvan,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-64-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leonel Fajardo-Galvan appeals the 23-month sentence imposed after his
guilty plea conviction for being found unlawfully present in the United States
following a previous deportation subsequent to an aggravated felony conviction
in violation of 8 U.S.C. § 1326(a) and (b)(2).  Fajardo-Galvan argues that the
district court plainly erred in applying a 12-level enhancement pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-20417

U.S.S.G. § 2L1.2(b)(1)(B) because his 2007 North Carolina conviction for possession of cocaine with intent to sell or deliver was not a drug trafficking offense because it did not qualify as a felony given that North Carolina's sentencing scheme precluded a sentence of more than one year in prison. He also argues that the district court erred in denying his request that the judgment reflect that he was convicted pursuant to § 1326(b)(1) because the indictment was ambiguous as to whether he possessed marijuana or cocaine, and a marijuana conviction would not support a finding that he had committed an aggravated felony within the meaning of § 1326(b)(2).

The Government argues that because Fajardo-Galvan affirmatively stated that the application of the 12-level enhancement was proper based on current case law and conceded that the guideline range was correctly calculated, he invited any error and we should review only for manifest injustice. Although the Government's argument is persuasive, *see United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010), we need not consider this issue as Fajardo-Galvan's argument fails under the less stringent plain error standard, *see United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006).

Fajardo-Galvan contends that the maximum sentence he faced under North Carolina's sentencing scheme was ten months, although the offense itself is punishable by more than one year. We have rejected arguments like Fajardo-Galvan's in two unpublished opinions, *United States v. Selvan-Cupil*, 603 F. App'x 242 (5th Cir.), *cert. denied*, 135 S. Ct. 2859 (2015), and *United States v. Castro-Magama*, 465 F. App'x 370, 371-72 (5th Cir. 2012). In light of the "legal landscape," we cannot conclude that the district court's application of the § 2L1.2(b)(1)(B) enhancement was clear or obvious error. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009).

No. 16-20417

Fajardo-Galvan concedes that a conviction for possession of cocaine with intent to sell or deliver qualifies as an aggravated felony. Given the documentary evidence in the record, we find no error in the district court's conclusion that his prior North Carolina conviction involved cocaine and that the indictment's reference to marijuana was a typographical error. *See United States v. Morrison*, 713 F.3d 271, 279 (5th Cir. 2013); *United States v. Neri-Hernandes*, 504 F.3d 587, 591-92 (5th Cir. 2007).

Accordingly, the judgment of the district court is AFFIRMED.