# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20417
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LEONEL FAJARDO-GALVAN, also known as Leonel Galvan Fajardo, also known as Leonel Fajardo Galvan,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-64-1

ON PETITION FOR REHEARING

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Leonel Fajardo-Galvan's motion for panel rehearing is GRANTED and the opinion previously filed in this case is withdrawn. This opinion is substituted therefor. Fajardo-Galvan's petition for rehearing en banc is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20417

Fajardo-Galvan appeals the 23-month sentence imposed after his conviction for unlawful presence in the United States following a previous deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(2). We AFFIRM.

## I.     Application of U.S.S.G. § 2L1.2(b)(1)(B)

Fajardo-Galvan claims that the district court plainly erred in applying a 12-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B) based on his 2007 conviction for possession of cocaine with intent to sell or deliver. He argues that this conviction did not qualify as a felony drug trafficking offense because North Carolina's sentencing scheme precluded a sentence of more than one year in prison. At sentencing, counsel for Fajardo-Galvan affirmatively conceded that the 12-level enhancement was proper based on current case law and that the Guidelines range was correctly calculated; consequently, the Government argues that he invited any error. Although the Government's language is persuasive, *see United States v. Rodriguez*, 602 F.3d 346, 350–51 (5th Cir. 2010), we need not consider this issue as Fajardo-Galvan's argument fails under the less stringent plain error standard, *see United States v. Fernando-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006).

The district court applied a 12-level enhancement for a prior "felony drug trafficking offense for which the sentence imposed was 13 months or less." U.S.S.G. § 2L1.2(b)(1)(B) (2015). The Guidelines commentary defines a "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." *Id.* § 2L1.2 cmt. n.2. The relevant offense in this case was a North Carolina conviction for possession of cocaine with intent to deliver. *See* N.C. Gen. Stat. § 90-95. Under North Carolina's sentencing scheme, the theoretical maximum punishment for this offense was 30 months. *See id.* § 15A-1340.17 (2007). But this maximum only applied if: (1) the defendant's

criminal history reached a certain level; and (2) there were aggravating circumstances. *See United States v. Simmons*, 649 F.3d 237, 240–41 (4th Cir. 2011) (en banc) (explaining North Carolina's sentencing scheme). Taking into account Fajardo-Galvan's record, the maximum sentence he could have received for this offense was 10 months. Thus, Fajardo-Galvan argues that he was not convicted of a "felony" within the meaning of § 2L1.2(b)(1)(B).

Although we have rejected this argument in the past, *United States v. Colin-Fajardo*, 278 F. App'x 340, 341–42 (5th Cir. 2008); *United States v. Cedillos*, 191 F. App'x 322, 323–24 (5th Cir. 2006), our decisions were based on the Fourth Circuit's opinion in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), which held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year, . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *Id.* at 246. *Harp* has since been overruled and Fajardo-Galvan's position adopted by the Fourth Circuit. *Simmons*, 649 F.3d at 240–41. As Fajardo-Galvan points out, *Simmons* is the logical outcome of the U.S. Supreme Court's decisions in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *United States v. Rodriguez*, 553 U.S. 377 (2008).

Our Court has encountered Fajardo-Galvan's argument on several occasions since the Fourth Circuit reversed course in *Simmons*. First, in *United States v. Castro-Magama*, 465 F. App'x 370 (5th Cir. 2012), we held that it was not plain error to follow *Harp* and the Fifth Circuit cases based thereon. *Id.* at 372 ("[W]e cannot say, in light of the 'legal landscape,' that the district court's application of the § 2L1.2(b)(1)(B) enhancement was clear or obvious error." (quoting *United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009))). More recently, however, this Court has granted several unopposed motions to

vacate and remand for resentencing based on *Simmons*. *See United States v. Loredo-Mendez*, 638 F. App'x 423 (5th Cir. 2016) (unpublished); *United States v. Pulido-Lopez*, No. 14-40929 (5th Cir. Nov. 18, 2014) (unpublished order); *United States v. Garcia Duarte*, No. 14-40516 (5th Cir. Nov. 4, 2014) (unpublished order); *United States v. Zacarias-Lopez*, 583 F. App'x 354 (5th Cir. 2014) (unpublished). In *Loredo-Mendez*, we noted that an enhancement under § 2L1.2(b)(1)(B) is improper if the defendant's North Carolina conviction was not punishable by imprisonment for a term exceeding one year. 638 F. App'x at 424. These cases certainly evince an evolution in the legal landscape on this issue: to determine whether a predicate North Carolina conviction is a felony, courts look at the maximum sentence a particular defendant faced under the sentencing scheme.

Assuming without deciding, however, that the district court's application of the enhancement was clear error, we affirm Fajardo-Galvan's sentence. On plain error review, we reverse "only if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wikkerink*, 841 F.3d 327, 338 (5th Cir. 2016). Absent the error, Fajardo-Galvan would have been subject to an 8-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) for his 2007 conviction, resulting in a sentencing range of 18 to 24 months. Despite considering a Guidelines range of 30 to 37 months, the district court granted a significant downward variance—to 23 months— because Fajardo-Galvan had no violent criminal history and the criminal history he did have was tied to drug addiction. Still, the court expressed its opinion that Fajardo-Galvan's requested sentence of 15 months was "too little" and that the 23-month sentence would adequately sanction him and deter future criminal behavior. On these facts, we find that the district court's error

does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

## II.    Aggravated Felony Under 8 U.S.C. § 1326(b)(2)

Fajardo-Galvan also argues that the district court erred in denying his request that the judgment reflect that he was convicted pursuant to § 1326(b)(1) because the indictment was ambiguous as to whether he possessed marijuana or cocaine, and a marijuana conviction would not support a finding that he had committed an aggravated felony within the meaning of § 1326(b)(2). Fajardo-Galvan concedes that a conviction for possession of cocaine with intent to sell or deliver qualifies as an aggravated felony. Given the documentary evidence in the record, we find no error in the district court's conclusion that his prior North Carolina conviction involved cocaine and that the indictment's reference to marijuana was a typographical error. *See United States v. Morrison*, 713 F.3d 271, 279 (5th Cir. 2013); *United States v. Neri-Hernandes*, 504 F.3d 587, 591–92 (5th Cir. 2007).

Accordingly, the judgment of the district court is AFFIRMED.