# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2020

Lyle W. Cayce
Clerk

No. 19-50987

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROEL GILBERTO MELENDEZ-DAVILA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-01780

Before CLEMENT, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Roel Gilberto Melendez-Davila pleaded guilty to illegal reentry under 8 U.S.C. § 1326(a). At sentencing, the district court imposed a four-level enhancement under U.S.S.G. § 2L.1.2(b)(3)(D), which applies if the defendant committed a felony after his first removal. The district court relied on Melendez-Davila's Kansas conviction for conspiracy to commit

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

aggravated escape from custody, for which he was sentenced to eight months' imprisonment and twelve months' probation. *See* KAN. STAT. ANN. §§ 21-5911(b)(1)(A), 21-5302. Melendez-Davila did not object to this enhancement. After assessing other enhancements that Melendez-Davila does not challenge on this appeal, the district court imposed a sentence of forty-six months, at the lower end of the guideline range of forty-six to fifty-seven months.

Melendez-Davila makes two arguments, both raised for the first time on appeal. First, he argues that 8 U.S.C. § 1326(a) is unconstitutional. He correctly concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), but he presents the issue to preserve it for further possible review. Second, he argues that the district court plainly erred in assessing an enhancement for a felony conviction because his previous Kansas conviction was not punishable by more than one year in prison. Finding no plain error, we affirm.

We review challenges to Guidelines enhancements raised for the first time on appeal for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). To rise to the level of plain error, a "legal error must be clear or obvious, rather than subject to reasonable debate." *Puckett v. United States*, 556 U.S. 129, 135 (2009). Accordingly, "[t]here is no plain error if the legal landscape at the time showed the issue was disputed, even if . . . the district court turns out to have been wrong." *United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009). "We ordinarily do not find plain error when we have not previously addressed an issue." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (quoting *United States v. Lomas*, 304 F. App'x 300, 301 (5th Cir. 2008)).

The Guidelines define a "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year."

U.S.S.G. § 2L1.2 cmt. 2. This court looks to the maximum statutory term of imprisonment, rather than the length of the defendant's actual sentence, in determining whether to classify an offense as a felony. *See United States v. Rivera-Perez*, 322 F.3d 350, 352 (5th Cir. 2003).

Kansas criminal statutes do not specifically prescribe maximum penalties. *See United States v. Brooks*, 751 F.3d 1204, 1205–06 (10th Cir. 2014) (describing Kansas's "rather unusual criminal sentencing scheme"). Rather, under the Kansas sentencing guidelines, a sentence is determined by two factors: the severity level of the crime of conviction—which is provided by the statute of conviction—and the offender's criminal history. *See* KAN. STAT. ANN. § 21-6804. Each sentence is imposed based on a two-dimensional grid, much like the federal sentencing table. "The grid's vertical axis is the crime severity scale which classifies current crimes of conviction. The grid's horizontal axis is the criminal history scale which classifies criminal histories." *Id.* § 21-6804(c).

Melendez-Davila's conviction for conspiracy to commit aggravated escape from custody is a level ten offense. *See id.* §§ 21-5911(c)(2)(A), 21-5302(d)(1). His criminal history classification was "level E." Kansas's sentencing grid gave the court discretion to sentence Melendez-Davila to a term of imprisonment ranging from seven to nine months. *See id.* § 21-6804. If Melendez-Davila's criminal history was "level A," however, he would have faced up to thirteen months' imprisonment for his level ten offense. *See id.*

Melendez-Davila argues that his Kansas conviction should not be classified as a "felony" because his criminal history and offense severity only exposed him to a maximum penalty of nine months' imprisonment, and thus he did not commit an offense "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. 2. In support, Melendez-Davila

points to *Brooks*, 751 F.3d 1204 and *United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011), which held that when determining the maximum sentence of imprisonment a defendant could have received under Kansas law, "the hypothetical possibility that some recidivist defendants could have faced a sentence of more than one year is not enough to qualify [the defendant's] conviction as a felony." *Brooks*, 751 F.3d at 1211 (quoting *Haltiwanger*, 637 F.3d at 884). Instead, "the maximum amount of prison time a *particular* defendant could have received controls." *Id.* at 1213; *see also Haltiwanger*, 637 F.3d at 884.

We need not decide whether the district court erred, for any error certainly was not plain error. Although other circuits have addressed this aspect of Kansas's sentencing scheme, it is an issue of first impression for this court. "We ordinarily do not find plain error when we have not previously addressed an issue." *Evans*, 587 F.3d at 671 (quotation omitted). To the contrary, we have previously rejected similar arguments in multiple unpublished opinions. *See United States v. Colin-Fajardo*, 278 F. App'x 340, 341–42 (5th Cir. 2008) ("The focus of the inquiry is on whether the offense carries a potential sentence of more than one year, rather than on whether an individual defendant convicted of that offense meets the criteria for a sentence of more than one year."); *United States v. Cedillos*, 191 F. App'x 322, 323–24 (5th Cir. 2006) (similar).

To be sure, these cases relied on *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005), which interpreted North Carolina's similar sentencing structure and was later overruled by a divided en banc Fourth Circuit in *United States v. Simmons*, 649 F.3d 237, 241 (4th Cir. 2011). *See Simmons*, 649 F.3d at 244 ("As in North Carolina, the Kansas sentencing structure ties a particular defendant's criminal history to the maximum term of imprisonment.") (quotation omitted). And this court has granted several unopposed motions to vacate and remand for sentencing based on *Simmons*'s

reinterpretation of North Carolina's sentencing scheme. *See United States v. Fajardo-Galvan*, 694 F. App'x 327, 329 (5th Cir. 2017) (collecting cases). But those unpublished Fifth Circuit decisions rejecting similar arguments have not been disturbed by this circuit. *See United States v. Castro-Magama*, 465 F. App'x 370, 372 (5th Cir. 2012) (holding that it was not plain error to follow *Harp* after it was overruled by *Simmons* or follow Fifth Circuit cases based on *Harp*). Thus, we reach the same conclusion as *Castro-Magama*: "[W]e cannot say, in light of the 'legal landscape,' that the district court's application of the [§ 2L.1.2(b)(3)(D)] enhancement was clear or obvious error." 465 F. App'x at 372 (quoting *Rodriguez-Parra*, 581 F.3d at 230). *See also United States v. Recinos-Hernandez*, 772 F. App'x 115, 116–17 (5th Cir. 2019) (reaching a similar conclusion for a Washington state conviction based on an unpublished Fifth Circuit opinion even though it conflicted with a subsequent Ninth Circuit opinion); *United States v. Guerrero–Robledo*, 565 F.3d 940, 946 (5th Cir. 2009) ("It certainly is not plain error for the district court to rely on an unpublished opinion that is squarely on point.").

Melendez-Davila also argues that the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), establishes that the district court plainly erred. Not so. That case dealt with the distinct question of whether a state conviction would qualify as a federal felony under the Immigration and Nationality Act—not how to determine a maximum sentence under Kansas law. To agree with Melendez-Davila, we would therefore have to extend *Carachuri-Rosendo*. But "[a]n error is not plain under current law if a defendant's theory requires the extension of precedent." *United States v. Lucas*, 849 F.3d 638, 645 (5th Cir. 2017) (quoting *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010)).

We affirm.